[No. 14555. In Bank. — December 30, 1891.]

F. A. TAYLOR, PLAINTIFF, *v.* JOHN REYNOLDS, JUDGE OF THE SUPERIOR COURT IN AND FOR THE COUNTY OF SANTA CLARA, DEFENDANT.

OBSTRUCTION OF STREET — NUISANCE — MISDEMEANOR — RIGHT OF JURY TRIAL — PENAL CODE. — The obstruction of a street or sidewalk in a city is a public nuisance, and a person who maintains such a nuisance is guilty of a misdemeanor under the provisions of the Penal Code, which must be tried by jury, unless a jury is waived.

ID. — VIOLATION OF MUNICIPAL ORDINANCE. — A person charged with the violation of a municipal ordinance forbidding the maintenance of an obstruction in any street or sidewalk, and declaring the offense to be a misdemeanor, is entitled to a trial by jury.

ID. — POWER OF LEGISLATURE — MUNICIPAL POLICE REGULATIONS — TRIAL BY JURY. — Although the legislature may authorize the summary trial without a jury, of violations of municipal police regulations not embraced in the general criminal legislation of the state, yet where the offense falls within the legal or common-law notion of a crime or misdemeanor, and is embraced in the criminal code of the state, the constitutional right of trial by jury cannot be evaded.

APPLICATION to the Supreme Court for a writ of *mandamus.* The facts are stated in the opinion.

*Moorehouse & Tuttle,* for Plaintiff.

*W. B. Hardy,* for Defendant.

BELCHER, C. — The plaintiff was convicted in a justice's court of the violation of a municipal ordinance of the city of San José; and sentenced to pay a fine of thirty dollars, or be imprisoned in the city prison for thirty days. He appealed the case to the superior court of the county, where the judgment was reversed and a new trial granted. Thereafter the case was set down for trial in that department of the superior court of which the defendant herein was judge. When the case was set, the defendant, plaintiff here, demanded a trial by jury, but the judge of the court denied the demand, and refused and still refuses to comply therewith. Thereupon this proceeding was commenced to obtain a peremptory writ of mandate commanding the defendant to grant plaintiff a jury trial.

The answer admits all the facts alleged, and waives all objections that might be made to the writ, to the end that the questions sought to be raised may be decided upon their merits.

The city of San José is a municipal corporation existing under a charter passed by the legislature and approved March 17, 1874. (Stats. 1873–74, p. 395.) Section 9 of the charter provides that the common council shall have power " to lay out, open, vacate, improve, cleanse, water, and repair streets and sidewalks; . . . . to define, prevent, and remove nuisances; . . . . and any violation of any lawful order, regulation, or ordinance . . . . is hereby declared a misdemeanor, and all prosecutions for the same may be in the name of the state of California."

The ordinance which the plaintiff is charged with violating provides: " Sec. 1. No person shall place, erect, or maintain any business-stand or other obstruction on any portion of any street or sidewalk of the city of San José. Sec. 2. Any person violating any of the provisions of this ordinance, upon conviction thereof, shall be fined in a sum not exceeding one hundred dollars, or be imprisoned for a term not exceeding thirty days." The obstruction of a public street or sidewalk in a city is a public nuisance (Pen. Code, sec. 370), and the Penal Code (sec. 372) declares: " Every person who maintains or commits any public nuisance the punishment for which is not otherwise prescribed, or who willfully omits to perform any legal duty relating to the removal of a public nuisance, is guilty of a misdemeanor." The action was then a criminal proceeding, and the accused was authorized to plead to the charge, as he did, not guilty. And when he was convicted in the justice's court he had a right to appeal from the judgment to the superior court of the county, and a new trial being therein granted, it had to be in that court. (Pen. Code, secs. 1466, 1469.) The plea raised an issue of fact which could only be tried in the manner prescribed by statute. As to the manner of such trials in the superior court,

the Penal Code (sec. 1042) declares: "Issues of fact must be tried by jury, unless a trial by jury be waived in criminal cases not amounting to felony, by the consent of both parties, expressed in open court and entered in its minutes."

By this section it is clearly provided that all offenses amounting to felony *must* be tried by a jury, and all amounting to misdemeanor *must* be so tried unless a jury is waived.

The attorney for respondent urges that there are many minor or petty offenses arising from the violation of municipal police regulations which are not intrinsically criminal, and may be prosecuted summarily without a jury; and that the offense charged against the plaintiff is of this character. In support of this position, he cites *Callan* v. *Wilson*, 127 U. S. 540, where, after reviewing the authorities, the court says: "The doctrines of many of the cases are thus summarized by Mr. Dillon in his work on Municipal Corporations (vol. 1, sec. 433): 'Violations of municipal by-laws proper, such as fall within the description of municipal police regulations, as, for example, those concerning markets, streets, water-works, city officers, etc., and which relate to acts and omissions that are not embraced in the general criminal legislation of the state, the legislature may authorize to be prosecuted in a summary manner, by and in the name of the corporation, and need not provide for a trial by jury. Such acts and omissions are not crimes or misdemeanors to which the constitutional right of trial by jury extends.'"

It will be observed that it is said "the legislature may authorize" the summary trial without a jury, of the above class of cases spoken of, they not being embraced in the general criminal legislation of the state; but the offense charged here is declared by statute to be a misdemeanor, and the legislature of this state has not attempted to authorize the trial of such a case without a jury, unless a jury be expressly waived.

And the learned author goes on further, in the same

section, to say: "So here, where the act or omission sought to be punished by imprisonment under a municipal ordinance is in its nature not peculiarly an offense against the municipality, but rather against the public at large, and where it falls within the legal or common-law notion of a crime or misdemeanor, and especially where, being of such a nature, it is embraced in the criminal code of the state, then the constitutional guaranties intended to secure the liberty of the citizen and the right to a trial by jury cannot be evaded by the nature of the powers vested in the municipal corporation or the nature of the jurisdiction conferred upon the municipal courts."

This case clearly falls within the rule last declared, and the plaintiff is entitled to a trial by jury.

We therefore advise that a writ of mandate be issued as prayed for.

VANCLIEF, C., and FITZGERALD, C., concurred.

The Court. — For the reasons given in the foregoing opinion, ordered that a writ of mandate issue as prayed for.

BEATTY, C. J., concurring. — I concur in the judgment, not because I think the constitution secures the right of trial by jury in prosecutions for petty misdemeanors created by statute or municipal ordinance, but solely upon the ground that the right seems to be conferred by the provisions of the Penal Code.

In my opinion, the legislature has the power to provide for summary proceedings to enforce municipal regulations without a jury trial, but I cannot discover that such power has been exercised. By sections 1430–1435 of the Penal Code, relating to proceedings in justices' and police courts, and section 1042, relating to proceedings in the superior court, the defendant in a criminal action who pleads not guilty is entitled to demand that the issue be tried by a jury. In other words, the statute, irrespective of the constitution, secures the

right. The evil involved is one which may well engage the serious attention of the legislature, but as long as the law remains as it is, I see no escape from the conclusion, that in any criminal action prosecuted in the name of the people of the state, the defendant must be tried by jury, unless in cases of misdemeanor a jury is waived.