12,782.

CORPORATION OF AMITE CITY VS. LAWRENCE HOLLY AND MRS. LAWRENCE HOLLY. ·

50 627
50 1203

Whatever be the view concerning the gravity of the offence against a State law, the very fact that the Legislature authorizes the towns and cities of the State to deal with the same subject by ordinances indicates that to the Legislative mind the act also properly constitutes one of those petty offences which are regarded as local injuries.

The public welfare requiring the maintenance of peace and good order, as well as of careful sanitary regulations in towns and cities, renders' summary proceed-' ings in many cases a necessity; and no occasion is presented for the inauguration of the revolution that must follow the announcement of the doctrine that a jury trial is an indispensable prerequisite.

The provisions of Article 92 of the Constitution of 1879, which confer upon municipalities within the State cognizance of cases arising under police regulations, authorize the enactment by the Legislature of laws enabling them, by appropriate ordinances, to put same in force; and they constitute an exception to the general rule announced in Article 7 thereof, which guarantees to an accused person the right of trial by jury—notwithstanding the two offences appear to be identically the same.

APPEAL from the Municipal Court of Amite City. *Sowell, J.*

*W. H. McClendon* for Plaintiff, Appellee.

*W. B. Kemp* and *O. N. Ogden* for Mrs. Holly, Defendant, Appellant.

Argued and submitted May 4, 1898.
Opinion handed down May 30, 1898.

The opinion of the court was delivered by

WATKINS, J. A fair statement of this controversy is found in the brief of counsel for the plaintiff and appellee, from which we make the subjoined extract, viz.:

" This is an appeal by defendant from a judgment of the Mayor's Court, sitting in Amite City, Tangipahoa parish, inflicting a fine of fifty ($50) dollars upon defendant for selling whiskey without a license within the corporation of Amite City, said judgment and sentence being rendered under and by virtue of an ordinance passed by the Council of Amite City, acting under and by authority conferred

by Act No. 8 of the General Assembly of 1896. No complaint is made or objection urged by defendant, either by pleading or brief, as to the regularity of the proceedings before the Mayor's Court, or to the proceedings of the Council in adopting the ordinance under which the defendant was tried and sentenced.

"The demurrer and plea to the jurisdiction, filed and in the record, p. —, in substance simply attacks Act No. 8 of 1896, upon the ground that said act is unconstitutional as violative of Arts. 5, 6, 7, 8, 47, 80 and 92 of the Constitution of 1879.

"Defendant in his brief appears to have abandoned the plea to the jurisdiction of the Mayor's Court, and to rest upon the plea to the constitutionality of the Act No. 8."

To much the same effect is the brief of defendant and appellant, as will appear by the following extract therefrom, viz.:

"But, may it please the court, we especially insist that this exception is well taken, to-wit: That the proceeding is violative of the bill of rights and Constitution of the State of Louisiana of 1879.

"Act 8 of 1896 authorizes ' city councils or municipal corporations to pass ordinances relative to the sale of liquor without first obtaining license.'

" Under this the council of Amite City passed an ordinance providing for the infliction by the mayor of a fine for the sale of liquors without license.

"The mayor under this ordinance authorized by this act imposed the fine in this case.

"And our contention is that the whole proceeding is void, because the ordinance was authorized by an act which is violative of the bill of rights which provides that 'in all criminal proceedings the accused shall enjoy the right to a speedy trial by an *impartial jury.*' Art. 7, Constitution 1879."

The record shows that the defendant, Mrs. Lawrence Holly, and Mr. Lawrence Holly were charged upon an affidavit in due form, " with retailing liquors within the corporate limits of the town of Amite City without previously obtaining a license from the police jury, town or city authorities, all of which is contrary to the form of the ordinances of the said city in such cases made and provided and against the peace and dignity of the State."

The section of the city ordinance under which the foregoing affidavit was made is of the following tenor, viz.:

City vs. Holly and Wife.

"That no person or persons shall sell or retail spirituous or intoxicating liquors within the corporate limits of the corporation of Amite City, without previously obtaining a license therefor from the proper legal authorities; and any person or persons who may violate the provisions of this ordinance, on proper affidavit first made, shall be arrested, prosecuted and tried before the Mayor's Court of the corporation of Amite City, and on conviction shall, for each offence, be fined by the mayor, not less than twenty-five dollars and costs, and not more than fifty dollars and costs; and in default of payment of both fine and cost in full, shall be imprisoned in jail for a period of ten days."

The title of this ordinance is similar in terms to those contained in the section quoted—making mention of the fact that same is "authorized by Act No. 8 of the General Assembly of the State of Louisiana, approved June 26, 1896."

To this proceeding the defendants tendered a demurrer, the substance of which is given above, to the effect that the aforesaid ordinance is founded upon an act of the Legislature which violates the bill of rights, and contravenes the guarantee which is contained in Art. 7 of the Constitution, and is therefore unconstitutional and void.

The provisions relied upon are as follows, viz.:

"In all criminal prosecutions the accused shall enjoy the right to a speedy public trial by an impartial jury," etc.   Const., Art. 7.

The provisions of the statute are of the following tenor, viz.:

"That the City Councils of municipal corporations throughout the State are hereby empowered to pass ordinances authorizing the arrest and prosecution before the mayors or recorders of said corporations, of any person or persons selling liquors within the corporate limits without having previously obtained a license; and the said ordinances may be enforced by fines and otherwise, just as ordinances against breaches of the peace in said cities are enforced." Act 8 of 1896.

The act furnishes ample authority to the corporation of Amite City for the adoption of the ordinance, and the proceedings thereunder were perfectly regular in every respect.

On the trial Mrs. Lawrence Holly was found guilty and convicted and sentenced to pay a fine of fifty dollars and costs, or in default of paying said fine and costs that she be confined in jail for ten days; but Mr. Lawrence Holly was found not guilty and discharged.

It is from that sentence and decree that Mrs. Lawrence Holly prosecutes this appeal, relying upon the unconstitutionality of the statute, because it, in effect, deprives her of the right of "trial by an impartial jury," as guaranteed by the Constitution.

Counsel refer us to the provisions of the Revised Statutes, which are to the effect that "whoever shall keep a grog or tippling shop, or retail spirituous liquors without previously obtaining a license from the police jury, town or city authorities, on conviction shall be fined not less than one hundred, nor more than five hundred dollars, and in default of payment shall be imprisoned not less than fifteen days nor more than four months." Sec. 910.

And upon that statute counsel base their contention that the ordinance denounces as a violation thereof the *same act* which the statute denounces as a crime; and for that reason the Legislature could not constitutionally confer upon the mayor of Amite City the jurisdiction to try and punish the act, thus depriving the defendant of his constitutional right of trial by jury.

The first question is, whether the ordinance denounces the same act as Section 910 of Revised Statutes does; and the second is, if so, does the unconstitutionality of the act of 1896 result from its having authorized the ordinance.

(1) The ordinance declares "that no person or persons shall sell or retail spirituous or intoxicating liquors within the corporate limits of the (town) of Amite City without previously obtaining a license therefor, from the proper legal authorities," etc.

The provisions of the two are substantially the same, with the exception that one applies to the State and the other to the town.

(2) The contention of the defendant's counsel is, " that the quality of the act is not changed by conferring jurisdiction upon a mayor's court;" and they say, that " it seems too evident for argument, that the court will not sanction an evasion of a constitutional right. If the State Legislature could not directly confer upon its courts the right to fine a defendant without a jury (trial), it could not *a fortiori* confer upon a municipal corporation this power violative of the bill of rights."

On the other hand the contention is, that the legislative act and ordinance of the corporation of Amite City thereunder, contemplate police regulation merely, and that, as such, same is protected from constitutional impairment.

The Constitution provides that "no judicial powers, except as committing magistrates in criminal cases, shall be conferred on any officers other than those mentioned in this title, *except such as may be necessary in towns and cities, and the judicial powers of such officers shall not extend further than the cognizance of cases arising under the police regulations* of towns and cities in the State." Const. of 1879, Art. 92.

The question then is, whether the statute of 1896 does more than authorize municipal corporations in towns and cities of the State to pass ordinances which are in the nature of police regulations therefor, for if the provisions of the statute can be so considered they are constitutional and valid.

Quite a similar contention arose and was decided in State vs. Fourcade, 45 An. 717—the defendant having been prosecuted under a city ordinance for selling watered or adulterated milk within the city of New Orleans.

In that case one of the defendant's contentions was that the city ordinance was illegal, because the State, by legislative enactments, had "taken and resumed exclusive control and jurisdiction for itself of all matters of offence and punishment contained in said State legislation in antagonism with, or on the same subject matter of these municipal ordinances; that the passage and effect of said statutes are to render illegal, null and void for the time being said ordinances, and as long as said statutes are in force the said city ordinances are branded with illegality and unsusceptible of enforcement."

While it is true that the exact question which is here presented was not propounded in its present form in that case, yet it was in effect, that is to say, that the defendant was being prosecuted twice for the same offence—once under a State statute and once under a city ordinance.

Or that as the same offence was denounced under a State law and a city ordinance in force at one and the same time, it was possible for him to be prosecuted under both, and this would be in violation of the constitutional fiat, that no one shall be twice tried for the same offence.

On that contention, our opinion makes this observation, viz.:

"Defendant urges that he is charged with an act which the city contends *she has the right to punish,* although the identical act is

for the same purpose denounced and punished as a State offence; that for the same act which the State has made a State offence, the municipality has no right to institute a municipal prosecution and punish as a municipal offence; and that the State having now constituted the offence one, against the State, he can not, through the instrumentality of the ordinance, be deprived of his constitutional right of being charged only through an indictment, or an information, and of being tried by a jury.''

And our opinion then states that defendant further assumes that the moment the Legislature declares that the commission of a particular act shall be punishable by the State as a State offence, the commission of the same act, which up to that time, as being violative of a municipal ordinance, would be, in the strictest sense, a municipal offence and triable as such, must cease to be so triable, and the procedure in regard to the prosecution be forced to conform to the constitutional requirements which govern State crimes.

From the foregoing statement of the question and extract from our opinion, it appears that the only difference therefrom which the instant case presents is, that the State law denouncing the offence was enacted *prior* to the enactment of the statute complained of as illegal; that this difference in the date of the adoption of the two statutes can not affect the legal principle involved in any way—the simple question being, whether they can both stand, and be enforced at one and the same time.

In the *Fourcade* case we declined to entertain the defendant's contention and affirmed the judgment appealed from; and in so doing our opinion collates a large number of pertinent authorities. From one of the cases cited—McInerney vs. City of Denver, 29 Pacific Reporter, 516—we make the following extract, viz.:

"The Legislature may undoubtedly delegate to municipal corporations power to adopt and enforce by-laws or ordinances on matters of special local importance, even though general statutes exist relating to the same subject.

"An ordinance must be authorized and must not be repugnant to a statute over the same territorial area; but if there be no other conflict between the provisions of the statute and ordinance, save that they deal with the same subject, both may be given effect. The resulting or correlative doctrine is now too firmly established to admit of serious question; that the same act may constitute two

offences, viz.: a crime against the public law of the State, and also a petty offence against a local municipal regulation.

"The weight of authority likewise fully sustains the view that a prosecution and punishment for one of these offences is no bar to a proceeding for the other," etc.—citing numerous authorities.

The opinion further says:

"Whatever be the view concerning the gravity of the offence against a State law, the very fact that the Legislature authorizes the city to deal with the same subject by ordinance indicates, that to the legislative mind the act also properly constitutes one of those petty offences regarded as local injuries. The public welfare requiring the maintenance of peace and good order, as well as of careful sanitary regulations in cities and towns, renders summary proceedings in many cases a necessity; and we are not now prepared to inaugurate the revolution that must follow the announcement of the doctrine that a *jury trial* is an indispensable prerequisite.

*     *     *     *     *     *     *

"An ordinance is not in the constitutional sense a public law. It is a mere local rule or by-law; a police or domestic regulation, devoid, in many respects, of the characteristics of public or general laws," etc.

This court entertained and expressed a similar view in State vs. Labatut, 39 An. 513. See also Mayor vs. Meuer, 25 An. 1193, and State vs. Callac, 45 An. 27.

In State vs. Gutierrez, 15 An. 190, our predecessors dealt with a similar question arising under provisions of the Constitution of 1852, which were quite similar to those of 1879, now invoked, and held, that they were perfectly harmonious, and in the course of their opinion said:

"The Art. 108, guaranteeing the right of trial by jury, is the general rule to which the Art. 124 forms an exception; the former proclaims a right; the other recognizes a class of cases to which that right does not extend. In other words, the Art. 108 has no application whatever to that class of offences which are to be tried summarily without the intervention of an impartial jury of the vicinage."

To the same effect is State vs. Noble, 20 An. 325.

For like reasons we must hold that Art. 92 of the Constitution of 1879 constitutes an exception to the general rule which is announced

in Art. 7 of that instrument which guarantees to an accused person "the right to a speedy public trial by an impartial jury," etc.

On this hypothesis, we are of opinion, that the apparent unconstitutionality of the statute complained of can be satisfactorily explained, and proceedings under the ordinance in question reconciled and rendered compatible with those under the Revised Statutes.

Counsel for the defendant raise in their brief an alternative issue, which was not set up in the demurrer they filed in the mayor's court on the trial.

It is of the following tenor, viz.:

" At the time of the alleged offence the parish of Tangipahoa, at a public election, had prohibited the sale of liquors within its borders.   It is therefore abolished the imposition of licenses as a source of revenue, and with this abolition the criminal machinery set up to enforce the collection of licenses fell.

" It has been since that time both illegal and impossible to obtain a license for the sale of liquors; and it would seem most absurd that a fine should be inflicted upon a citizen for failing to secure a license, or for selling liquor without a license, when it was physically and legally impossible for him to obtain such license.

" It might be perfectly practicable for the city ordinance to supplement the State enactment and provide a fine for the sale of liquors, but this was not done.   The proceeding was against him for the sale of liquor without a license, under an ordinance made when it was proper to be so made, but which ceased or fell necessarily when the sale of liquor was prohibited.

" We therefore ask the court if our arguments should not prevail on the merits, to remand the case in order that we may show that, at the time of the alleged sale of the liquor without a license, that by law it was impossible to obtain such license, the parish of Tangipahoa having adopted at a popular election prohibition."

We are of opinion that the issue presented on this appeal is one of law, namely, the constitutionality vel non of Act No. 8 of 1896, and that alone; and there is no force in the application to remand presented for the first time in briefs filed in this court, and it must be refused.

But we think it proper, that in affirming the judgment, the rights of the appellant be reserved in that respect.

Judgment affirmed.