PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MANUEL GONZÁLEZ-SEGARRA, Defendant and Appellant.

No. 2690. Argued June 9, 1926.—Decided July 9, 1926.

*Buenaventura Esteves* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

On appeal the lower court imposed upon the defendant a fine of $2 for interfering with the free use of Comercio Street of Lares by setting up thereon a pump for the sale of gasoline.

618

The first two assignments of error refer to the evidence and may be considered together.

■ The Mayor of Lares, José Márquez Seín, testified that about one year and a half before the defendant had asked the municipal assembly for a permit for setting up a pump in front of the building occupied by him. After he had finished his testimony objection was raised thereto by the defendant, but the objection was raised too late and no motion to strike the testimony from the record appears to have been made.

■ After the direct examination of the defendant the prosecuting attorney asked him whether or not about one year and a half before he had asked the municipality for a permit to set up a pump. The defense objected on the ground that the question sought to investigate a matter which had not been brought out on direct examination. The appellant cites subdivision 3 of section 2 of the Organic Act which provides that no person shall be compelled in any criminal action to be a witness against himself and contends that the said constitutional provision was infringed in allowing the prosecuting attorney to make of the defendant "a weapon against himself."

In accordance with section 7 of the Code of Criminal Procedure the defendant was not obliged to testify against himself, but at the same time the law allows him to become a witness in his own behalf, and if he does so he subjects himself to all of the rules regulating the examination and cross-examination of witnesses. His privilege is no greater than that of any other witness. He abandons for the time being the character of a party and takes on that of a witness. *Clark* v. *Reese,* 35 Cal. 89; *People* v. *Beck,* 58 Cal. 212, 214.

■ On the other hand, assuming that the cross-question had no relation to the matters brought out on direct examination, no prejudice to the defendant has been shown.

In the second assignment the weighing of the evidence is attacked. The evidence showed that without a permit therefor the defendant placed a tank and pump for the sale of gasoline on a sidewalk of the main street of Lares, and that of the 48 inches which was the width of the sidewalk a space of only 30 inches remained for the traveling public.

Section 329 of the Penal Code, as amended by Act No. 60 of March 7, 1912, reads as follows:

"That anything which is injurious to health, or is indecent or offensive to the senses, or is an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, river, bay, stream, canal or basin, or any public park, square, street or highway, is a public nuisance: *Provided*, That the emission of smoke from useful manufacturing enterprises except in municipalities of Class I shall not be regarded or treated as a public nuisance unless it is made affirmatively to appear to the court by proof that the health of a considerable number of persons is injuriously affected thereby: *Provided, further,* That nothing in this Act shall be construed as prohibiting the municipal councils of all the municipalities of the Island from passing municipal ordinances requiring said manufacturing enterprises to use and employ devices to prevent the unnecessary emission of smoke, cinders and soot, to the injury and prejudice of the inhabitants in cities and towns, and nothing in this Act shall be construed as exempting the owners of said manufacturing establishments from liability for violation of such municipal ordinances."

We agree with the appellant that the installation of a tank and pump for the sale of gasoline is not *per se* a public nuisance. It depends on the circumstances and in this case there is no doubt that the pump and tank interfered with the free use of the street by the traveling public.

In construing section 370 of the Penal Code of California,

which is similar to section 329 of our Penal Code, as amended, the Supreme Court of California, in the case of *Marini* v. *Graham*, 67 Cal. 130, said:

"The sidewalks of a public street of a city are parts of the street. Any obstruction of the sidewalk is therefore an obstruction of the street and a nuisance; but it is a public nuisance, because it interferes with the free use of the street by the traveling public in general, and not merely some particular person; it is therefore an offense against the public, which is remediable by the public only, and not actionable, except where an individual has suffered some special damage beyond what is common to himself with the rest of the public."

And in that of *Taylor* v. *Reynolds*, 92 Cal. 573, it was likewise held:

"The obstruction of a street or sidewalk in a city is a public nuisance, and a person who maintains such a nuisance is guilty of a misdemeanor under the provisions of the Penal Code. . . . ."

For all of the foregoing the judgment appealed from should be affirmed.