## Warren *v.* Penn-Harris Hotel Company, Appellant.

*Inns—Inn-keepers—Unregistered guests—Guests—Registry—Right of action.*

A man who is not registered at a hotel and whose presence is not known to the management cannot recover damages for the alleged discourtesy of the inn-keeper's employees in requesting that he either register or leave the hotel.

Where a husband occupies a room reserved by his wife, but did not register and was not received as a guest by the hotel, he has no standing to maintain an action for damages for the alleged discourtesy of the hotel company's employees, in requesting that he either register or leave the hotel. Such unregistered person was not a guest of the hotel and no duty was owing to him as such guest.

A hotel which knowingly permits couples of different sexes to occupy the same rooms, without registering as husband and wife, is correctly regarded as a disorderly house, and those in charge of it may be prosecuted for maintaining such a house, and persons frequenting it are affected by its character. Hence a hotel is required to be careful in such matters for the protection of its

guests no less than on its own account, and is justified in requiring proper registration.

In a similar action instituted by the wife, who had registered, but permitted her husband to occupy her room with her, the case is for the jury as to whether or not the servants of the inn-keeper acted properly in the discharge of their duties, in supervising the conduct of the persons in the rooms, or were abusive to her.

Argued March 16, 1927. Appeals Nos. 10 and 11, March T., 1927, by defendant from judgment of C. P. Dauphin County, January T., 1924, Nos. 242 and 243, in the cases of Dr. George W. Warren and Addie B. Warren v. Penn-Harris Hotel Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for alleged unlawful treatment by employees of a hotel. Before WICKERSHAM, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, George W. Warren, in the sum of $500.00 and plaintiff, Addie B. Warren, in the sum of $1500 and judgments thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Spencer G. Nauman,* of *Nauman & Smith,* and with him *J. Paul Rupp,* for appellant.—The plaintiffs had violated the proper rules of the hotel in regard to registration, and the defendant was entitled to binding instructions: Hurd v. Hotel Astor Company, 169 N. Y., 359; Boyce v. Greeley Square Hotel Company, 168 N. Y. Supplement, 121; Moody v. Kenny, 97 Southern Reporter, 21.

*George Kunkel,* and with him *Job J. Conklin,* for

appellee.—The case was for the jury:   Baker v. Bailey, 145 S. W., 532; Hill v. Memphis Hotel Company, 136 S. W. (Tenn.) 997, 34 L. R. A. (N.S.) 420; Parker v. Dixon, 157 N. W., 583.

OPINION BY KELLER, J., July 8, 1927:

These cases arose out of the same occurrence. They were argued together on one brief, and may be disposed of in one opinion.

Both actions were based on averments that the plaintiffs,—who were husband and wife—had been received by the defendant as guests in the hotel operated and maintained by it and that in violation of the rights due them as such guests they had been humiliated, insulted, disturbed and inconvenienced by the unwarranted acts and conduct of the defendant's employees, as set forth in the several statements of claim.

There is no doubt that Mrs. Warren was received as a guest of defendant's hotel, and assigned a room for her use and occupancy; but the evidence, on careful reading, fails to support the averment in Dr. Warren's statement of claim that he was on August 11, 1923, received by the defendant company in said hotel as a guest thereof and that a double room had been assigned to him and his wife, which they were occupying at the time of the commission of the grievances complained of. On the contrary it shows that he was not a guest of the hotel, in the sense that a room had been assigned him for his use, but that, on the night in question, without the knowledge or acquiescence of the defendant and its responsible agents, he was occupying, in company with his wife, a single room which had been assigned for her sole use and occupancy. The fact that he ate some supper in the coffee room conducted by the hotel did not make him a guest with the right to occupy a room of the hotel; nor did the mere fact that his wife was a guest of the hotel, in occupancy of a room assigned to her, authorize him to share such room

and sleep there that night without the knowledge and consent of the defendant, acting through its duly constituted agents. There is not a line of testimony in the case to show that Mrs. Warren engaged the room in question for his use as well as her own; or that he ever informed the room clerk or desk clerk of the hotel that he purposed occupying that night the single room which had been assigned for the use of his wife. Mrs. Warren testified that traveling by herself by train from St. Louis she arrived at Harrisburg between nine and ten o'clock on the morning of August 11th and went directly to the hotel, and had breakfast there. She did not then engage a room, but made use of the waiting room, ladies room and parlor. She inquired at the desk whether there was any message for her from her husband, Dr. Warren, of New York, whom she had expected to meet her, and was awaiting word from him, as an emergency might have detained him. She was asked if she was registered and said she was not. She was then told where such a message if it arrived could be found. Around two o'clock in the afternoon, not having heard from her husband and concluding he was on his way by automobile, she registered and was assigned a single room. She testified: "Dr. Warren had expected possibly to bring a chauffeur with him. The arrangement was in case he did the chauffeur would take my room and Dr. Warren and I would secure a double room." The learned court below assumed, and so charged the jury, and reiterated it in his opinion, that she made this arrangement with the hotel company. She did not so testify. It is clear to us that she was testifying to an arrangement made between Dr. Warren and herself, and she did not say that it was communicated to the clerk at the desk. Late in the afternoon she told the clerk she was expecting her husband, Dr. Warren, and if he came she would be in the dining room; but she did not register for him

nor notify the clerk that, if he came, he intended to spend the night there and occupy her room. When Dr. Warren arrived at the hotel 'and inquired for his wife, he was given the message she had left for him; but he did not register himself nor inform the clerk that he would spend the night in the hotel and share the room assigned to his wife. There was, therefore, no notice of any kind to the hotel authorities that Mrs. Warren's room would also be occupied by her husband, and the additional charge made by the hotel for an extra person sleeping in an assigned room was not imposed.

When, therefore, the house detective making his regular rounds between eleven o'clock and midnight to see that things about the hotel were as they should be, heard a man talking to a woman in a dark room which his records showed had been assigned to a woman alone, and after satisfying himself by communicating with the office downstairs that his records were correct, knocked on the door but received no answer, he was justified in opening the door and asking who the man was and what he was doing there; and on being informed that the man was Dr. Warren, the husband of the registered occupant, he was within his authority and violated no rights of Dr. Warren in demanding that if the latter was the husband of the occupant of the room, he should so register. Such measures and precautions are taken for the benefit not only of the hotel but of the other guests as well. A hotel which knowingly permits couples of different sexes to occupy the same rooms without registering as husband and wife is correctly regarded as a disorderly house, and those in charge of it may be prosecuted for maintaining such a house, and persons frequenting it are affected by its character. Hence a hotel is required to be careful in such matters for the protection of its guests no less than on its own account.

As before stated, Dr. Warren was not a guest of the

hotel and no duty was owing to him as such guest; hence the averment on which his cause of action was based cannot be sustained and judgment should have been entered in his action for the defendant notwithstanding the verdict. The first assignment of error, in so far as it relates to Dr. Warren's case, and the nineteenth, are sustained.

Mrs. Warren's case is in a different situation. She was a guest and was entitled to the protection and treatment due a guest. While her husband had no right to occupy her room with her without notifying the hotel clerk of his intention to do so, and registering if requested, there is nothing in the case to show that she knew he had not registered or informed the clerk of his intention to share the room with her. Hence it was not shown that she knew she was violating the rules of the hotel. Nevertheless there was such a violation, and had the house detective done nothing more than open the door when he knocked and received no reply, and inquire who the man was and what he was doing there, and on being informed that it was her husband, insist on his being registered as such, we would enter judgment for the defendant in her case also. But there is some testimony that the detective became abusive and insulting. It is not very explicit and on the retrial should be more definite. But there is sufficient to justify a finding that he called Mrs. Warren opprobrious names. We do not refer to the phrase, "that woman." We would not sustain a verdict resting on that. But if after she had explained that her companion was her husband, the detective, without investigating the truth of her declaration, called her names impugning her chastity, or subsequently when the Warrens were leaving the hotel he again assailed her with like epithets, he went too far and made his employer who had committed this line

of work to him as a part of his duties liable in damages for the injury inflicted.

The second, ninth, and tenth assignments of error are sustained and a new trial is awarded.

No. 10, March Term, 1927—Judgment reversed and now entered for the defendant non obstante veredicto.

No. 11, March Term, 1927—Judgment reversed, with a new venire.