MARTHA P. KIRSTEIN et al., Plaintiffs, *v.* HOTEL TAFT CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, October 18, 1944.

*Irving M. Moss* for defendants.

*Samuel Sumner Goldberg* for plaintiffs.

FRANKENTHALER, J. Plaintiffs are husband and wife. It is alleged that while the wife was a guest at the hotel of defendant Hotel Taft Corporation the husband visited her in her room; that while plaintiffs were disrobed defendants' employees forced their way in and accused plaintiffs of improprieties within earshot of passing guests, the door having been left ajar; that for a time plaintiffs were not permitted to dress; that although offered proof that plaintiffs were married defendants' employees refused to leave; that ultimately defendants compelled the husband to register and demanded that the wife leave the hotel.

The wife's cause of action, at least insofar as it pleads acts invading her rights as a guest after notice to defendants that the man was her husband, is sufficient under the authorities. (*De Wolf* v. *Ford,* 193 N. Y. 397; *Boyce* v. *Greeley Square Hotel Co.,* 181 App. Div. 61, affd. 228 N. Y. 106.) The regulations of defendants regarding male visitors to rooms assigned for single female occupancy do not appear from the complaint, and, in any event, their reasonableness is not now to be determined. (*Hurd* v. *Hotel Astor Co.,* 182 App. Div. 49.)

The husband, unlike the wife, can have no such cause of action, for he was not a guest. (See *Warren* v. *Penn-Harris Hotel Co., Appel.,* 91 Pa. Superior Ct. 195.) The complaint does not set forth a cause of action for slander, nor do allegations that defendants at first refused to permit him to dress and then compelled him to dress and register make out a case.

The motion is granted to the extent of dismissing the second cause of action on behalf of the husband and otherwise denied, with leave to answer within ten days after service of a copy of this order, with notice of entry.