Commonwealth *v.* Wesley, Appellant.

Argued April 15, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John Duggan, Jr.,* with him *Charles J. Maloney,* for appellant.

*Robert Engel,* Assistant City Solicitor, with him *Emanuel F. Schifano,* Assistant City Solicitor and *Anne X. Alpern,* City Solicitor, for appellee.

OPINION BY RHODES, P. J., October 1, 1952:

Defendant was found guilty, in a summary proceeding before a magistrate, of violating an ordinance of

the City of Pittsburgh which makes it an offense to keep a disorderly house. The sentence of the magistrate was that defendant pay a fine of $50 and costs, and in default of payment thereof be committed to the Allegheny County Jail for a period of thirty days. The County Court of Allegheny County granted defendant's petition for leave to appeal from the summary conviction.[1] The case was heard de novo by the county court which adjudged the defendant "guilty of the offense of keeping a disorderly house," and imposed the same sentence as the magistrate had imposed.

On appeal to this Court appellant claims that his summary conviction by a magistrate under the City ordinance was a violation of his right to trial by jury given under Article I, §6, of the Constitution of Pennsylvania. No question is raised as to the sufficiency of the evidence to sustain the conviction. The Commonwealth's evidence showed that the small hotel owned and managed by appellant was openly used by unmarried couples, who falsely registered as husband and wife, for immoral purposes. See *Warren v. Penn-Harris Hotel Co.*, 91 Pa. Superior Ct. 195, 199.

In the county court appellant did not argue the constitutional question he now raises. However, his petition for leave to appeal to the county court contained an averment that the magistrate "had no jurisdiction to finally determine the matter," but only had authority to dismiss the complaint or act as a committing magistrate and hold appellant for the action of the grand jury. The general rule is that matters not raised or considered below cannot be invoked on appeal, even though they involve constitutional ques-

---

[1] See Act of April 17, 1876, P. L. 29, as amended, 19 PS §1189; Act of May 10, 1927, P. L. 866, §20, 42 PS §1060; Act of May 5, 1911, P. L. 198, §6, as amended, 17 PS §626 (c).

tions (*Com. v. Kramer,* 146 Pa. Superior Ct. 91, 93, 22 A. 2d 46; *Com. v. Klick,* 164 Pa. Superior Ct. 449, 453, 65 A. 2d 440); but we think appellant sufficiently raised the general constitutional issue in his petition for appeal to the county court.

Article I, §6, of the Pennsylvania Constitution provides: "Trial by jury shall be as heretofore, and the right thereof remain inviolate." It is appellant's contention that the offense of keeping a disorderly house made punishable by a summary conviction under the ordinance of the City of Pittsburgh is the same offense proscribed by section 511 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4511; that keeping a disorderly house was, and is, an indictable offense, and as such was triable by jury prior to the adoption of the Constitution; that the City of Pittsburgh, under the Constitution, cannot prescribe that for the same offense a person may be summarily convicted.

The ordinance involved being Ordinance No. 208 of the City of Pittsburgh, approved July 7, 1934, provides: ". . . all houses of ill fame; all houses frequented by persons for lewd, unchaste or immoral purposes; all houses or places maintained to the encouragement of idleness, gaming, gambling, drinking or misbehavior or to the common nuisance and disturbance of the neighborhood or orderly citizens . . . shall be deemed and held to be disorderly houses; and it shall be the duty of the police of the City of Pittsburgh, upon view, or upon information made and warrant issued, to arrest all persons therein and the keeper or keepers thereof, and to bring all such persons before the Mayor or any police magistrate of said City for examination and hearing, and each of such above described persons whom, upon information duly filed, the Mayor or police magistrate shall adjudge guilty of keeping or maintaining such house, or of visiting the same for im-

proper purposes, shall be punished by fine, not to exceed $100.00, and in default of payment of such fine and costs, shall be committed to the common jail of Allegheny County, or to the Allegheny County Workhouse, for a period of not more than thirty days."

Section 511 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4511, provides: "Whoever keeps and maintains a common, ill-governed and disorderly house or place, to the encouragement of idleness, gaming, drinking, or misbehavior, and to the common nuisance and disturbance of the neighborhood or orderly citizens, is guilty of a misdemeanor, and on conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or to undergo imprisonment not exceeding one (1) year, or both."[2]

The City points to the City Charter Act as legislative authority for enactment of the ordinance in question. The Act of March 7, 1901, P. L. 20, relating to the powers of cities of the second class, in Article XIX, §3, cl. 25, 53 PS §9658, gives cities of the second class the power "To restrain, prohibit and suppress tippling-shops, houses of prostitution, gambling houses, gaming cock or dog fighting, and other disorderly or unlawful establishments or practices, desecration of the Sabbath day, commonly called Sunday, and all kinds of public indecencies." Article XIX, §3, cl. 43, of the same Act, 53 PS §9686, gives such cities general power "To make all such ordinances, by-laws, rules and regulations, not inconsistent with the Constitution and laws of this commonwealth, as may be expedient or neces-

---

[2] Section 512 of the Act of June 24, 1939, P. L. 872, 18 PS §4512, also provides: "Whoever . . . permits any building, . . . owned by him or under his control, to be used for the purpose of prostitution or assignation . . . is guilty of a misdemeanor, . . ." See, also, section 43 of the Act of March 31, 1860, P. L. 382, 18 PS §591.

sary, in addition to the special powers in this section granted, for the proper management, care and control of the city and its finances, and the maintenance of the peace, good government and welfare of the city, . . .[3]

It is unnecessary to decide whether the Commonwealth has by legislation authorized the City to create a distinct offense of the same act which is also a penal offense under the general laws of the state. Apart from any question of legislative authorization, we can reach no other conclusion than that the summary conviction of appellant under the City ordinance, which we have quoted above, was a violation of his constitutional right to trial by jury. In this respect the present appeal is conclusively ruled by our decision in *Com. ex rel. City of Pittsburgh v. Heiman*, 127 Pa. Superior Ct. 1, 190 A. 479, where an ordinance of the City of Pittsburgh, which provided for the arrest and punishment by summary conviction of any person or persons engaged in the gambling scheme known as "playing the numbers" and constituting the offense of lottery punishable under sections 53 and 54 of the Criminal Code of March 31, 1860, P. L. 382, was held invalid as a violation of defendant's constitutional right to be tried for such an offense by a jury. The reasoning in the *Heiman* case is directly applicable to the present case. As we there stated, at page 10 of 127 Pa. Superior Ct., page 482 of 190 A.: "If the legis-

---

[3] See, also, Act of June 16, 1891, P. L. 303, §3, 53 PS §9566, giving police magistrates in second class cities the power "to administer oaths and examine witnesses, and hear, determine and punish, according to the laws and ordinances of such city, all cases of arrests upon view, or upon information made and warrant issued, by the police of the city . . . of all persons who may be found engaged in or be charged with drunkenness, disorderly conduct, selling liquor contrary to law, maintaining a disorderly house or bawdy house, . . . or violating any of the laws or ordinances of such city."

lature had no right to change the mode of trial for the offense with which appellee was charged, it necessarily follows that it could not give its agent, the City of Pittsburgh, the right to do that which it could not do itself."

Article I, §6, of the Constitution preserves the right of trial by jury in that class of cases which were triable by jury prior to the adoption of the Constitution. *Mountain v. Com.*, 68 Pa. Superior Ct. 100. Cf. *Callan v. Wilson*, 127 U. S. 540, 8 S. Ct. 1301, 32 L. Ed. 223. The offense of keeping a disorderly house was a misdemeanor, an indictable offense, triable by jury prior to the adoption of the Constitution of this Commonwealth in 1873. Section 511 of the Act of June 24, 1939, P.L. 872, 18 PS §4511, dealing with the offense of keeping a disorderly house, substantially reenacts section 42 of the Act of March 31, 1860, P. L. 382, 18 PS §671. This section enacted the existing common law. See *Com. v. Stewart*, 1 S. & R. 342; *Hunter v. Com.*, 2 S. & R. 298. Section 511 of the Act of 1939, 18 PS §4511, "did not create a new offense but merely defined a misdemeanor long known to the common law. *Com. v. Soo Hoo Doo*, 41 Pa. Superior Ct. 249": *Com. v. Hartung*, 156 Pa. Superior Ct. 176, 179, 39 A. 2d 734. Such offense is readily recognized as more than a mere infringement of a local police regulation. The ordinance may well have as its purpose proper police regulation of such crimes, and it may be within the legislative authority granted to the City, but, in permitting a summary conviction for the offense of keeping a disorderly house under the admitted facts of this case, the ordinance clearly infringes the constitutional provision. The fact that the penalty under the ordinance may be lighter than the penalty under the statute does not make the offense, which the statute describes and designates as a misdemeanor, one punishable by sum-

mary conviction under the ordinance; appellant's right to trial by jury remains inviolate.[4]

Judgment and sentence are reversed, and appellant is discharged.

---

[4] See *Taylor v. Reynolds*, 92 Cal. 573, 28 P. 688; In re Jahn, 55 Kan. 694, 41 P. 956. Contra: *Ogden v. City of Madison*, 111 Wis. 413, 87 N. W. 568; *Corporation of Amite City v. Holly*, 50 La. Ann. 627, 23 So. 746; *Wong v. City of Astoria*, 13 Or. 538, 11 P. 295; *McInerney v. City of Denver*, 17 Colo. 302, 29 P. 516; *Hunt v. City of Jacksonville*, 34 Fla. 504, 16 So. 398.