Commonwealth ex rel. Hellinger, Appellant, *v.* Day.

Submitted March 25, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Arlington P. Hellinger,* in propria persona, appellant.

*John R. Miller,* District Attorney, for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is an appeal from an order of the Court of Common Pleas of Centre County discharging the rule and dismissing the petition for a writ of habeas corpus.

Arlington P. Hellinger, the relator, was sentenced by the Court of Oyer and Terminer of Lancaster County on December 1, 1950 to serve a term of not less than four, nor more than eight years in the Eastern State Penitentiary on a charge of rape. On March 14, 1951 he was transferred to the Rockview Branch of the Western State Penitentiary, Bellefonte, Pennsylvania. He escaped from the Rockview Prison Farm on August 16, 1951 but was apprehended approximately one year later at Marietta, Ohio.

On August 18, 1952 relator entered a plea of guilty to the crime of prison breach and escape and was sentenced by the court below to a term of not less than three and one-half years nor more than. seven years,

to be computed from the expiration of the sentence imposed by the Court of Oyer and Terminer of Lancaster County to No. 102, September Sessions, 1950.

Relator's petition for writ of habeas corpus was filed with the court below on October 22, 1954. A rule to show cause was granted on November 5, 1954 returnable November 29, 1954, but the court below did not require the presence of the petitioner at the hearing as the sole question raised by the petition was a matter of law. An answer was filed by the District Attorney of Centre County on November 10, 1954. The court below, in an opinion filed December 1, 1954, discharged the rule and dismissed the petition. This appeal followed.

The sole question raised by the relator is stated in his petition as follows: "This is a petition for a writ of habeas corpus in which relator avers that the sentence imposed upon him was unlawful in that it exceeded the maximum imposed by law."

Relator contends that §309 of The Penal Code of 1939, P. L. 872, 18 PS §4309[1] provides that the maximum sentence which could be imposed upon him was two years. In support of this contention he relies on that part of §309 which reads as follows: "Whoever, being charged with an indictable offense, breaks prison, or escapes, or shall break prison, although no escape is actually made, is guilty of prison breach, a misdemeanor, and on conviction thereof, shall be sentenced to undergo imprisonment, by separate and solitary confinement at labor, not exceeding two (2) years, if the charge on which such person stood committed was an offense punishable, on conviction, by imprisonment by separate and solitary confinement at labor;

---

[1] Since amended by the Act of July 29, 1953, P. L. 1445, No. 417.

or to imprisonment not exceeding one (1) year, if such charge was an offense punishable, on conviction, by simple imprisonment without labor." The contention of the relator is obviously incorrect. The above quoted provision applies only to those who break prison or escape while they are confined under indictment but before actual conviction. At the time he escaped from the Rockview Prison Farm on August 16, 1951 relator was confined *after conviction* under a sentence which had been imposed upon him by the Court of Oyer and Terminer of Lancaster County. The sentence subsequently imposed upon him for prison breach and escape was that which is authorized by another provision of §309 of The Penal Code of 1939 which reads as follows: "Whoever, *being imprisoned after conviction,* of an offense other than murder in the first degree, or where the sentence is imprisonment for life, breaks prison, although no escape is actually made by him, is guilty of prison breach, a misdemeanor, and upon conviction thereof, shall be sentenced to undergo imprisonment, to commence from the expiration of his original sentence, of the like nature, and for a period of time not exceeding the original sentence, by virtue of which he was imprisoned." (Emphasis added) The sentence of the court below for his escape was to a term of not less than three and one-half, nor more than seven years and since the relator was at that time under sentence of from four to eight years imposed by the Court of Oyer and Terminer of Lancaster, County, the sentence for prison breach and escape did not exceed his original sentence and therefore is not excessive under the provisions of The Penal Code.

Relator, in his brief, for the first time contends that §309 of The Penal Code of 1939 is unconstitutional. As stated by President Judge RHODES in *Com.*

236

*v. Wesley,* 171 Pa. Superior Ct. 566, 568, 569, 91 A. 2d 298: "The general rule is that matters not raised or considered below cannot be invoked on appeal, even though they involve constitutional questions (Com. v. Kramer, 146 Pa. Superior Ct. 91, 93, 22 A. 2d 46; Com. v. Klick, 164 Pa. Superior Ct. 449, 453, 65 A. 2d 440). . . ." However, we have considered the contention that §309 of The Penal Code is unconstitutional and find it to be without merit. See *Com. ex rel. Sullivan v. Ashe,* 325 Pa. 305, 188 A. 841, affirmed 302 U. S. 51, 58 S. Ct. 59; *Com. ex rel. Sholter v. Claudy,* 171 Pa. Superior Ct. 442, 90 A. 2d 343.

Order affirmed.