Commonwealth *v.* Puntari, Appellant.

Submitted April 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Paul Puntari,* appellant, in propria persona.

*William Clancy Smith*, Assistant District Attorney, and *Edward C. Boyle*, District Attorney, for Commonwealth, appellee.

OPINION BY FLOOD, J., June 13, 1962:

The defendant, having been convicted upon a charge of armed robbery, has appealed upon the ground that he was deprived of effective representation by counsel of his choice. Carl Blanchfield, Esquire, was appointed to represent him at least as early as November 22, 1960. He refused to accept the appointed counsel and made several unsuccessful attempts to engage counsel. He secured two continuances for this purpose upon the application of Mr. Blanchfield, delaying the trial from November 22, 1960, when it was first called, until January 10, 1961. When the case was called for trial on January 10, the court refused a further continuance. The defendant again refused Mr. Blanchfield's services, although not questioning his competence or his efforts to be helpful prior to the trial. He then proceeded to act as his own counsel at the trial, although Mr. Blanchfield remained in the courtroom and the defendant consulted him occasionally during the trial.

The defendant's constitutional right to be heard by himself and his counsel gives him no right to delay the trial indefinitely because he is dissatisfied with competent counsel appointed by the court, ready and willing to represent him.

He claims that several trial errors resulted from his inability to defend himself properly. None of the matters of which he complains constitutes fundamental error. The able and painstaking opinion of Judge PENTZ for the court below adequately discusses this phase of the case and we adopt it.

The defendant raised another question for the first time on appeal. He claims that certain evidence used

at the trial was obtained by an illegal search and seizure. He did not move to suppress this evidence in advance of trial nor did he object to its admission at the trial.

The defendant was indicted on June 13, 1960. He was returned to Pittsburgh for trial on November 1, 1960. He was visited "a few times" between November 1 and January 10, 1961, the date of the trial, by Mr. Blanchfield. There is no averment that he did not know the facts relating to the search and seizure in advance of the trial or that he had no reasonable opportunity to raise the question of its legality prior to the trial. Under the Federal Rules of Criminal Procedure, this question must be raised prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion: Rule 41(e) of the Federal Rules of Criminal Procedure. This procedural regulation, evidently adopted for the purpose of avoiding interruption of the trial to determine the issue of the reasonableness or legality of a search and seizure, was the rule in the federal courts prior to the adoption of Rule 41(e): *Segurola v. United States,* 275 U. S. 106 (1927).

We need not decide whether such procedure is mandatory in Pennsylvania in advance of the adoption of a rule similar to Federal Rule 41(e), either as a statewide procedural rule or a rule of the quarter sessions court in which the trial is held. The defendant in this case did not raise the issue even at the trial and allowed the evidence to go in without objection. Nor does it appear from the record that he raised it on his motion for a new trial. He cannot raise it for the first time on appeal. *Bechler v. Oliva,* 400 Pa. 299, 161 A. 2d 156 (1960); *Com. v. Clark,* 198 Pa. Superior Ct. 64, 181 A. 2d 859 (1962); *United States v. Herskovitz,* 209 F. 2d 881 (C.C.A. 2, 1957).

Judgment affirmed.