## Commonwealth *v.* Clark, Appellant.

Submitted April 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alvin Clark,* appellant, in propria persona.

*William Claney Smith,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., June 13, 1962:

Defendant was charged with violating the Anti-Narcotics Act of July 11, 1917, P. L. 758, as amended, 35 PS §851 et seq.,[1] and indicted in the Court of Quarter Sessions of Allegheny County at No. 316, April Sessions, 1960, on April 14, 1960, and at No. 277, May Sessions, 1960, on May 13, 1960. Defendant was subsequently tried, convicted, and sentenced.

A drug addict called defendant in the presence of the police and made arrangements to meet defendant on a street in Rankin, Allegheny County, whereupon defendant was arrested at about 7 p.m. on March 31, 1960, near his room at 205 Miller Street, Rankin. Later

---

[1] The Act of September 26, 1961, P. L. 1664, No. 693, repealing this Act was not effective until January 2, 1962.

that evening the police entered the room at 205 Miller Street, where narcotics were found in a locked box, the key to which defendant had in his possession. This additional room rented by defendant was about a block away from the police station.[2]

No motions were made prior to indictment or prior to trial attacking the validity of the search or the admissibility of the evidence.

At the trial defendant's counsel made an oral motion to exclude the narcotics on the ground they were obtained through an illegal search and seizure. The motion was denied. Motions in arrest of judgment and for a new trial were filed, and refused by the court below; sentence was deferred and then imposed on August 18, 1961. Defendant has appealed.

Appellant contends that the evidence, including heroin, obtained by the police through a search of his room at 205 Miller Street without a warrant should have been excluded as obtained through an illegal search and seizure, citing in this Court the decision in *Mapp v. Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081.

Appellant's trial took place on November 7, 1960. His motions in arrest of judgment and for a new trial filed on November 14, 1960, raised no question concerning evidence obtained through an alleged illegal search and seizure. Consequently, in its opinion filed on July 18, 1961, the court below, in disposing of appellant's post-conviction motions, did not pass upon

---

[2] It was testified that defendant rented a small room under the name of Williams in which heroin and paraphernalia used in traffic of narcotics were found. It was also testified that defendant admitted the heroin and evidence in the room belonged to him; that he paid $1,500 for three ounces; that he had been purchasing it for four years; and that he had been selling narcotics. Defendant testified he rented a room to have some place to go, and that he resided elsewhere.

the question of evidence obtained through an alleged illegal search and seizure. Subsequently, on August 14, 1961, appellant made a belated and unsuccessful attempt in the court below to raise the question of the admissibility of the evidence obtained through the search.

The record shows that appellant and his counsel knew the nature of the evidence and that it was seized at or about the time of appellant's arrest. See *DiBella v. United States,* 369 U. S. 121, 82 S. Ct. 654, 7 L. Ed. 2d 614; *Application of Bogish,* 69 N. J. Super. 146, 173 A. 2d 906, 909. It may be that the question of the alleged illegally obtained evidence was not timely raised, but the fact that its admission was not properly raised in the court below at all is controlling on appeal. *Com. v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530; *Com. v. Gomori,* 192 Pa. Superior Ct. 325, 330, 161 A. 2d 649. Matters not raised by proper post-conviction motions or considered in the court below cannot be invoked on appeal in this Commonwealth even though they involve constitutional questions. *Com. v. Klick,* 164 Pa. Superior Ct. 449, 453, 65 A. 2d 440; *Com. ex rel. Hellinger v. Day,* 178 Pa. Superior Ct. 232, 236, 116 A. 2d 76, certiorari denied 350 U. S. 941, 76 S. Ct. 316, 100 L. Ed. 821. Hence, application of *Mapp v. Ohio,* supra, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, is not here involved. ". . . the Due Process Clause has never been perverted so as to force upon the forty-eight States a uniform code of criminal procedure. Except for the limited scope of the federal criminal code, the prosecution of crime is a matter for the individual states. The Constitution commands the states to assure fair judgment. Procedural details for securing fairness it leaves to the states. It is for them, therefore, to choose the methods and practices by which crime is brought to book, so long as they observe those ultimate dignities of man which the United States Con-

stitution assures." *Carter v. Illinois,* 329 U. S. 173, 175, 67 S. Ct. 216, 91 L. Ed. 172, 175.

Moreover, in any event, it would seem that the trial court could properly rely on the law at the time of trial and conviction as announced in *Wolf v. Colorado,* 338 U. S. 25, 69 S. Ct. 1359, 93 L. Ed. 1782, on the question of illegally obtained evidence in state courts prior to *Mapp v. Ohio,* supra, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, decided June 19, 1961, and overruling *Wolf v. Colorado* on this question.[3]

As Mr. Justice FRANKFURTER said in *Abel v. United States,* 362 U. S. 217, 235, 236, 237, 80 S. Ct. 683, 4 L. Ed. 2d 668, 684, 685, referring to the law announced by the Supreme Court of the United States in the earlier search and seizure cases of *Harris v. United States,* 331 U. S. 145, 67 S. Ct. 1098, 91 L. Ed. 1399, and *United States v. Rabinowitz,* 339 U. S. 56, 70 S. Ct. 430, 94 L. Ed. 653: "In view of their judicial context, the trial

---

[3] Referring to the doctrine adopted by the federal courts, Professor Wigmore made this pertinent observation, in 1922, quoted by Judges STERN and GORDON in *Com. v. Street,* 3 Pa. D. & C. 783, 796:

" 'The natural way to do justice here would be to enforce the splendid and healthy principle of the 4th Amendment directly, i.e., by sending for the high-handed, over-zealous marshal who had searched without a warrant, imposing a thirty-day imprisonment for his contempt of the Constitution, and then proceeding to affirm the sentence of the convicted criminal. But the proposed indirect and unnatural method is as follows: "Titus, you have been found guilty of conducting a lottery; Flavius, you have confessedly violated the Constitution. Titus ought to suffer imprisonment for crime, and Flavius for contempt. But no! We shall let you both go free. We shall not punish Flavius directly, but shall do so by reversing Titus's conviction. This is our way of teaching people like Flavius to behave, and of teaching people like Titus to behave, and incidentally of securing respect for the Constitution. Our way of upholding the Constitution is not to strike at the man who breaks it, but to let off somebody else who broke something else!" Some day, no doubt, we shall emerge from this quaint method of enforcing the law.' "

judge and the Government justifiably relied upon these cases for guidance at the trial; . . . It would, under these circumstances, be unjustifiable retrospective law-making for the Court in this case to reject the authority of these decisions. . . . Judged by the prevailing doctrine, the search of petitioner's hotel room was justified." See *Warring v. Colpoys*, 74 App. D. C. 303, 122 F. 2d 642, 646, 136 A.L.R. 1025 (D.C. Cir. 1941), certiorari denied 314 U. S. 678, 62 S. Ct. 184, 86 L. Ed. 543; *Gaitan v. United States*, 295 F. 2d 277 (September 27, 1961); *Application of Bogish*, 69 N. J. Super. 146, 173 A. 2d 906. See, also, *Com. v. Scoleri*, 399 Pa. 110, 129, 130, 160 A. 2d 215.

It would be unjust to hold the trial court to be in error in basing its action on decisions then in force, and where appellant failed to question the conduct of his trial in proper post-conviction motions.[4]

Finally, we find no error in permitting the cross-examination of police officers and the admission of testimony concerning appellant's failure to deny incriminatory statements made in appellant's presence. *Com. v. Bolish*, 381 Pa. 500, 523, 113 A. 2d 464.

Judgment of sentence is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.

---

[4] For a discussion of the effect of *Mapp v. Ohio*, see Torcia and King, "The Mirage of Retroactivity and Changing Constitutional Concepts," Vol. 66, Dickinson Law Review 269; Bender, "The Retroactive Effect of an Overruling Constitutional Decision: Mapp v. Ohio," Vol. 110, University of Pennsylvania Law Review 650.