Commonwealth *v.* Mancini, Appellant.

Argued June 15, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Donald J. Goldberg,* with him *Garfield W. Levy,* for appellant.

*Burton Satzberg,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., September 13, 1962:

In this appeal defendant, relying upon *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (June 19, 1961), seeks to set aside his burglary conviction and sentence on the ground they were the result of the use of evidence illegally obtained by an unreasonable search and seizure. The appeal comes here on a statement of the case under Rule 37 of the Superior Court in which the following facts are set forth: "From January 1959 to April 1960 the Presidential Apartments in Philadelphia was the site of a series of burglaries in which the tenants' premises were violated without any sign of forcible entry. . . . Essential links in the Commonwealth's evidence against the defendant consisted of 'homemade' keys for the burglarized apartments together with a variety of key making tools and materials. Each of these items was seized from the defendant's own premises by Philadelphia police officers pursuant to a search warrant. They were introduced into evidence over a general objection. The validity of the search warrant went unquestioned during the trial which took place prior to the June 19, 1961, decision of the Supreme Court of the United States in Mapp v. Ohio, 367 U.S. 643."

Defendant waived his right to a jury and was tried on May 18 and 19, 1961, before SPORKIN, J., in the Court of Quarter Sessions of Philadelphia County on seven bills charging burglary, larceny, and receiving stolen goods. Adjudication was deferred, and, on June 19, 1961, after argument by counsel, defendant was found guilty by the trial judge. Sentence was deferred pending motions for a new trial and in arrest of judgment which were filed on June 21, 1961. Defendant filed a petition on October 13, 1961, to quash the search warrants and suppress the evidence seized thereunder on the ground the warrants were invalid and the evidence seized was illegal as obtained through

an unlawful search and seizure under *Mapp v. Ohio,* supra, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081. The court below issued a rule upon the Commonwealth to show cause why the petition should not be granted. The Commonwealth filed no answer. After argument, the court dismissed the petition and discharged the rule. The motions for new trial and in arrest of judgment were also dismissed. Sentence of not less than three years nor more than fifteen years in the State Correctional Institution at Philadelphia was imposed on January 11, 1962.

Appellant's petition and motions were properly dismissed.

Appellant raised no question before or at the trial, specifically, concerning the validity of the search and seizure, although fully aware that the search and seizure had taken place. Cf. *Di Bella v. United States,* 369 U.S. 121, 82 S. Ct. 654, 7 L. Ed. 2d 614; *Com. v. Clark,* 198 Pa. Superior Ct. 64, 181 A. 2d 859; *Com. v. Czajkowski,* 198 Pa. Superior Ct. 511, 182 A. 2d 298. See Rules of the Court of Quarter Sessions of Philadelphia County as to motions to suppress evidence to be made prior to trial. In the present case the search and seizure were supported by search warrants obtained by the police, and there is nothing on the record to show illegality in connection with the warrants. Cf. *Com. v. Campbell,* 196 Pa. Superior Ct. 380, 387, 175 A. 2d 324. Since the validity of the search and seizure was not properly and specifically raised, in the face of apparently lawful warrants, the court had no occasion to question and the Commonwealth had no opportunity to support the validity of the warrants and the search and seizure thereunder. Cf. *Com. v. Loesel,* 155 Pa. Superior Ct. 461, 465, 38 A. 2d 523.

There being no showing of illegality and as the question was not timely raised, the rule of *Mapp v. Ohio,* supra, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d

1081, requiring states to exclude evidence obtained as the result of an unreasonable search and seizure does not apply here.

To sustain appellant's contention would require the courts of this Commonwealth to re-examine prior convictions on the mere belated allegation that the conviction involved evidence obtained as the result of an unreasonable search and seizure. The court below, in an opinion by Judge SPORKIN, very well stated: "We conclude, therefore, that since there was nothing in the record before us indicating any possible illegality in either the issuance or service of the search and seizure warrants, the decision in Mapp v. Ohio, supra, cannot be invoked to empower this Court to quash the search warrants and suppress the evidence. Nor does Mapp direct us to reopen the instant case for the purpose of inquiring into factual questions which were not raised either before or at the time of the trial."

Furthermore, the rule of law announced in *Mapp v. Ohio*, supra, can be interpreted as generally prospective in its application, and it would be unjustifiable retrospective lawmaking to convict the trial court of error in relying on the authority of decisions of the Supreme Court of the United States in force at the time of trial. *Com. v. Clark*, supra, 198 Pa. Superior Ct. 64, 181 A. 2d 859. Under the facts and circumstances of the *Mapp* decision, the sudden change of the law by the Supreme Court of the United States as to the exclusionary rule is a disturbing exercise of judicial power and should not have retroactive application with respect to criminal proceedings in this Commonwealth; the obvious objective of the decision would not be enhanced by such application.[1]

Judgment of sentence is affirmed, and it is ordered that appellant appear in the court below at such time

---

[1] See *State v. Smith*, 37 N. J. 481, 181 A. 2d 761 (1962).

as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.