## Commonwealth ex rel. Altizer v. Hendricks

*Lee B. Sacks*, for relator.

*Charles J. Bogdanoff*, Assistant District Attorney, for respondent.

WATERS, J., January 10, 1963.—Relator has served notice of his appeal to the Superior Court from our order dismissing his petition for a writ of habeas corpus. The petition recites that relator, having been convicted and sentenced on July 11, 1960, for the crimes of sodomy, prostitution, and possession of burglary tools, is confined in the Philadelphia County Prison. Relator maintains that he is unlawfully confined because (1) the evidence adduced at his trial did not show that the crime of sodomy was committed at the time or times alleged in the bill of indictment or within the County of Philadelphia or the Commonwealth of Pennsylvania, and (2) because evidence was introduced against him which had been obtained by illegal search and seizure.

The district attorney and the superintendent of county prisons filed separate answers, from which it appears that relator was sentenced on bill 513 of June term, 1960, to six months to one year, on the charge of prostitution and assignation, to commence from June 6, 1960, the date of commitment; on bill 514, charging sodomy, to three to seven years, to commence at the expiration of the sentence imposed on bill 513; and on bill 518, charging possession of burglar tools, to one to three years, to commence at the expiration of the sentence imposed on bill 514—a combined prison term of from four and one-half to 11 years.

We dismissed the petition and declined to issue the writ for the same reasons as moved President Judge Milner when this same relator's petition was before him. The present petition makes no mention of prior petitions, but in his opinion filed March 20, 1962, as of C. P. No. 2, December term, 1961, no. 2392, Judge Milner said:

"Respondent's answer states further (and the court records verify) that petitioner filed a previous petition for a writ of habeas corpus indexed in Court of Common Pleas No. 1, June term, 1961, no. 1585, which was withdrawn on October 20, 1961. The answer states further that petitioner caused a writ of mandamus to be issued out of the Court of Quarter Sessions, which was dismissed on August 6, 1960, by President Judge Gold; that petitioner also petitioned for a writ of habeas corpus in the United States District Court, which petition was dismissed on July 11, 1960.

"Rule ★993(b) of the Rules of Civil Procedure provides that a petition for a writ of habeas corpus shall 'set forth the facts upon which the relator relies, without extended argument. It shall also set forth all prior petitions, whether for a writ of error coram nobis, based upon the same conviction, with the name of the judge who heard such writ, the date of hearing and disposition. No ground will be considered which was or could reasonably have been raised in a prior petition.'

"The petition must therefore be dismissed, for the reason that it fails to comply with the rules of court, in that it neither sets forth the facts upon which the relator relies nor sets forth the required information respecting prior petitions.

"We learn from the brief submitted by petitioner that he was convicted on the charge of sodomy on bill no. 514 of June sessions 1960 and sentenced to a term of from three to seven years; and that on bill no. 518 he was convicted of possession of burglary tools and sentenced to a term of from one to three years. His complaint respecting the first-mentioned conviction is that at the trial, as he states in his brief, no evidence was introduced of the time and place of the commission of the offense. This is a matter which could and should have been raised by appeal. It has been stated too often

to be now subject to question that a writ of habeas corpus is not a substitute for a motion for new trial or for an appeal or for a writ of error. Com. ex rel. Jacoby v. Keenan, 24 D. & C. 2d 641 (1959), aff'd 195 Pa. Superior Ct. 197; Com. ex rel. Foscia v. Cavell, 25 D. & C. 2d 763 (1961), aff'd 197 Pa. Superior Ct. 33.

"Petitioner also complains in his brief that the evidence on which he was convicted of possession of burglary tools was obtained by illegal search and seizure, in violation of the Fourth Amendment of the Constitution of the United States, and was, therefore, under the authority of Mapp v. Ohio, 367 U. S. 643, inadmissible. If we accept, as we must, the averment of respondent's answer that petitioner is presently incarcerated pursuant to his conviction and sentence on the charge of sodomy, this contention has no application, since it appears obvious that whatever evidence was presented against the defendant on the charge of sodomy was not obtained as the result of search and seizure, reasonable or otherwise. But aside from this, at the time petitioner was tried and convicted there was no prohibition under the law of Pennsylvania of the introduction of evidence obtained by unreasonable search and seizure. We do not regard the decision of the federal court in Mapp v. Ohio, supra, as applying retroactively to conviction had in the states courts before that decision."

We think any doubt of the correctness of Judge Milner's position respecting the effect of Mapp v. Ohio was set at rest by President Judge Rhodes in Commonwealth v. Mancini, 198 Pa. Superior Ct. 642, 646 (1962). when he said:

"Furthermore, the rule of law announced in Mapp v. Ohio, supra, can be interpreted as generally prospective in its application, and it would be unjustifiable retrospective lawmaking to convict the trial court of

554

error in relying on the authority of decisions of the Supreme Court of the United States in force at the time of trial . . ." See also Commonwealth ex rel. Stoner v. Myers, 199 Pa. Superior Ct. 341 (1962).