Commonwealth ex rel. Bowers, Appellant, *v.*
Rundle.

Submitted March 18, 1963. Before Rhodes, P. J.,
Ervin, Wright, Woodside, Watkins, Montgomery, and
Flood, JJ.

*Milton Bowers,* appellant, in propria persona.

*Charles Jay Bogdanoff* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY WRIGHT, J., April 18, 1963:

Milton Bowers has appealed from an order of Court of Common Pleas No. 1 (heard in Court of Common Pleas No. 3) of Philadelphia County dismissing his petition for a writ of habeas corpus. It will be necessary to briefly summarize the factual and procedural background revealed by our examination of the original trial record.

On March 23, 1962, the grand jury returned true bills on two indictments against Milton Bowers and Robert Ballard as follows: Bill No. 1664 March Sessions 1962 charged burglary, larceny, and receiving stolen goods; Bill No. 1665 March Sessions 1962 charged conspiracy. These two bills were consolidated for trial with Bills Nos. 1075 and 1076 May Sessions 1962 involving the same defendants, but which are not material so far as the instant appeal is concerned. The trial took place before Honorable JOSEPH D. BURKE, presiding specially without a jury. After a finding of guilty, Bowers was sentenced on Bill No. 1664 to a term of two and one-half to five years to be served consecutively to a similar sentence imposed on Bill No. 1075. Sentences on Bills Nos. 1665 and 1076 were suspended.

Appellant's complaint relates solely to his conviction on Bill No. 1664. This bill charged that, on March 4, 1962, appellant and Ballard had broken into a state liquor store at 2008 Germantown Avenue and had stolen therefrom sixteen cases of whiskey. The store manager testified that entry had been made

through "a hole in the back of the store about two foot square and on the floor was an improvised hammer made out of pipe". At 1:30 a.m. on the date in question, two Philadelphia police officers on patrol observed Bowers and Ballard in a Chevrolet panel-body truck proceeding west on Hagert Street. The truck was being operated without lights. The officers halted the truck and observed sixteen cases of whiskey therein. There was no partition between the seats and the body of the truck, and the whiskey was readily discernible "directly behind the seats". By means of numbered code markings, the manager identified the cases of whiskey found in the truck "as coming from our store". Appellant was represented at the trial by an Assistant Defender. No post-trial motions were filed, and no appeal was taken.

Appellant's contention on this appeal is that the evidence upon which the Commonwealth's case rested was obtained as the result of an unreasonable search and seizure, and that his conviction based thereon should not be sustained. In his answer to appellant's petition for the writ, the district attorney cited *Commonwealth v. Mancini*, 198 Pa. Superior Ct. 642, 184 A. 2d 279, in which we held that a complaint concerning unreasonable search and seizure not raised at trial could not be advanced on appeal. See also *Commonwealth v. Clark*, 198 Pa. Superior Ct. 64, 181 A. 2d 859; *Commonwealth v. Puntari*, 198 Pa. Superior Ct. 70, 181 A. 2d 719. While the instant record discloses that the question was not raised at appellant's trial, we are reluctant to dispose of the case on that basis because of appellant's assertion that he made a timely motion to suppress the evidence at his hearing before the magistrate, and that his court-appointed attorney refused to raise the question at the trial. However, it is well settled law that habeas corpus is not a substitute for an appeal, and that appellant's contention

may not be raised by habeas corpus. See *Commonwealth ex rel. Stoner v. Meyers,* 199 Pa. Superior Ct. 341, 185 A. 2d 806; *Commonwealth ex rel. Clark v. Maroney,* 199 Pa. Superior Ct. 552, 186 A. 2d 422. We will nevertheless briefly discuss the merits.

Our examination of this record leads us to agree with the basic contention of the Commonwealth that there was no unreasonable search and seizure. "Not all searches and seizures are prohibited, those which are reasonable not being forbidden": *Commonwealth v. Richards,* 198 Pa. Superior Ct. 39, 182 A. 2d 291. As pointed out in *Commonwealth v. One 1955 Buick Sedan,* 198 Pa. Superior Ct. 133, 182 A. 2d 280, there is a difference between buildings and motor vehicles. See also *Commonweatlh v. Czajkowski,* 198 Pa. Superior Ct. 511, 182 A. 2d 298; *Commonwealth v. One 1955 Buick Sedan (Marchese),* 199 Pa. Superior Ct. 12, 184 A. 2d 365. There is also a difference between materials which are merely evidentiary and objects which are the fruits of crime, such as stolen property: *Harris v. United States,* 331 U. S. 145, 67 S. Ct. 1098, 91 L. Ed. 1399. The conduct of the officers in the case at bar was reasonable in every way. They had not only the right, but also the duty, to halt the truck which was being operated without lights. In the act of checking the license of the operator and the vehicle registration card they observed the cases of whiskey in open view. The mere looking at an object which is plainly visible does not constitute a search, nor does its taking amount to a seizure: *Commonwealth ex rel. Stoner v. Myers,* supra, 199 Pa. Superior Ct. 341, 185 A. 2d 806; *Commonwealth v. Calvarese,* 199 Pa. Superior Ct. 319, 185 A. 2d 657. On the facts of the instant case, entirely aside from procedural considerations, we find no merit whatever in appellant's contention that his constitutional rights were invaded.

Order affirmed.