Opinion by
Wright, J.,
Cambridge L. McMorris has appealed from an order of the Court of Common Pleas of Westmoreland County dismissing his petition for a writ of habeas corpus. According to the Commonwealth’s brief, appellant “has filed numerous petitions at various numbers and terms. The actual number filed is thirteen”. While it will be necessary for us to dispose of the instant appeal, we do not propose to burden this opinion with extended discussion.
Appellant’s petition for the writ attacks his conviction on May 27, 1948, in the Court of Oyer and Terminer of Westmoreland County at No. 8 May Term 1948, on a charge of burglary. He received a sentence to confinement for a term of not less than eight nor more than twenty years. This conviction was reviewed and sustained over ten years ago, both by our Supreme Court and by this court. See Commonwealth ex rel. McMorris v. Claudy, 172 Pa. Superior Ct. 283, 94 A. 2d 108. Repetitious petitions for habeas corpus may not be employed as devices to secure appellate review of adjudicated matters: Commonwealth ex rel. Hairston v. Myers, 202 Pa. Superior Ct. 214, 195 A. 2d 813.
In his brief, appellant attacks his subsequent convictions in the Court of Quarter Sessions of Westmoreland County at No. 362 April Sessions 1961, and No. 78 July Sessions 1961, on charges of larceny and resisting arrest. We have made a painstaking review of the original trial record in these cases. It discloses that, on or about March 26, 1961, appellant received a parole at No. 8 May Term 1948. Four days later, *221 March 30, 1961, appellant stole an automobile in the City of Jeannette. He was pursued by police officers into the City of Greensburg, where he was involved in an accident. Following a trial before Honorable Earl S. Keim and a jury, appellant was convicted on both charges. Motions in arrest of judgment and for a new trial were dismissed. On February 9, 1962, at No. 362 April Term 1961, appellant was sentenced to confinement in the State Correctional Institution at Pittsburgh for a term of not less than two and one-half nor more than five years. Sentence was suspended at No. 78 July Term 1961. No appeal was taken.
The allegations in appellant’s brief are set forth in the footnote.[1] It is asserted by the Commonwealth that appellant’s real complaint- is “that he must serve the balance of the sentence for the first crime”. See Commonwealth ex rel. Cooper v. Banmiller, 193 Pa. Superior Ct. 524, 165 A. 2d 397. Howbeit, it will suffice to reiterate, so far as the complaints actually alleged are concerned, that trial errors may not be attacked by habeas corpus, Commonwealth ex rel. Jones v. Myers, 201 Pa. Superior Ct. 437, 193 A. 2d 629, and the writ may not be substituted for an appeal: Commonwealth ex rel. Bowers v. Rundle, 200 Pa. Superior Ct. 496, 189 A. 2d 910. It is abundantly clear that appellant’s right to petition has not been suspended. We perceive no merit whatever in his present application.
Order affirmed.

 “1. Avers he was prosecuted on improper authority in the charge of resisting arrest. 2. Avers the corpus delicti in larceny and resisting arrest was never proven. 3. Avers illegal search in the interrogation of defense witness by the prosecution. 4. Avers Commonwealth’s exhibit 3 [a photograph of the wrecked automobile] was illegally introduced. 5. Avers sanity was never proven by the Commonwealth. 6. Avers the Court erred in' its improper remarks and confusing the prosecutors, and evidence. 7. Avers the trial court suspended the right of petition”.