**UNITED STATES of America ex rel. Joseph DALTON, a/k/a Daniel Dalton**

v.

**David N. MYERS, Superintendent State Correctional Institution at Graterford, Pennsylvania.**

Misc. No. 2651.

United States District Court
E. D. Pennsylvania.
March 4, 1964.

Joseph Dalton, pro se.

William J. Carlin, Dist. Atty. of Bucks County, Doylestown, Pa., for the defendant.

FREEDMAN, District Judge.

This is a petition for habeas corpus which attacks a conviction in the state courts on the ground of an unlawful search and seizure. The relator's claim has never been considered on the merits in the state courts. The preliminary question therefore is whether he has exhausted his state remedies within the meaning of 28 U.S.C. § 2254.

On May 25, 1961, relator was found guilty by a jury of burglary, larceny and conspiracy. This was prior to Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081, which was decided on June 19, 1961. His motions in arrest of judgment and for new trial were filed on May 29, 1961, before Mapp. However, on January 19, 1962, after Mapp, he filed additional and supplemental reasons in support of his motion for new trial. The rule of the Mapp case was not assigned in these additional and supplemental reasons for new trial. Argument on the motions was held on March 19, 1962, and the motions were dismissed in an opinion and order filed on May 4, 1962. Sentence was imposed on June 15, 1962. Relator appealed to the Superior Court of Pennsylvania and there for the first time assigned the alleged unlawfulness of the search and seizure under the Mapp case. The Superior Court refused, however, to consider the question because of its rule against the assignment on appeal of questions not raised in the court below. Commonwealth v. Dalton, 199 Pa.Super. 388, 393, 185 A.2d 653 (1962). Allocatur was refused by the Supreme Court of Pennsylvania, 200 Pa.Super. xxxi (1963), and certiorari was denied by the Supreme Court of the United States: Dalton v. Myers, 375 U.S. 933, 84 S.Ct. 337, 11 L. Ed.2d 265.

In United States of America ex rel. Mancini v. Rundle, 219 F.Supp. 549 (E.D. Pa.1963), the question of exhaustion of state remedies was presented under quite similar circumstances. There the finding of guilty was rendered on June 19, 1961, the very day on which Mapp was decided. While motions for new trial and in arrest of judgment were still pending in the trial court, the defendant petitioned the trial court to quash the search warrant and suppress the evidence thereunder, specifically relying on the Mapp case.

The petition as well as the defendant's motions for new trial and in arrest of judgment were denied. On appeal the Superior Court of Pennsylvania held that since the question of unlawful search and seizure had not been raised at the trial it was untimely and the Mapp case would not be applied retrospectively. Allocatur and certiorari were alike denied. I there determined that the appellate courts of Pennsylvania would not reverse a trial court for having relied on Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), before it was overruled by Mapp, and would refuse relief whether the question was raised directly by appeal from the judgment of conviction or collaterally by habeas corpus. I therefore held that it would be useless to require the petitioner, Mancini, to raise by habeas corpus in the state courts a question which he had already raised in the direct

proceeding there and which had been rejected.

The present case differs from the Mancini case in that here the defendant never urged Mapp in the trial court and its effect therefore was not considered by it. The ultimate effect of this element in the case raises a state procedural question which I need not decide. For there exists a more significant factor which has arisen since the Mancini decision. In Commonwealth ex rel. Wilson v. Rundle, 412 Pa. 109, 194 A.2d 143 (1963), decided three months later, the Supreme Court of Pennsylvania announced a view quite different from that which had theretofore been applied by the Superior Court. Mr. Justice Jones there said that since the Supreme Court of the United States had applied the newly fashioned rule retrospectively to Miss Mapp, "it would seem only essentially fair and logical that the rule be applied retrospectively * * * to *all* cases where not only the search and seizure took place *prior* to Mapp but where the conviction and the judgment of sentence had not become final at the time Mapp was decided * * *." (412 Pa. p. 117, 194 A.2d p. 147). The court held that the Mapp case was not to be applied where the conviction and judgment of sentence had become final prior to Mapp. In effect, therefore, the court disagreed with some of the decisions of the Superior Court which I reviewed in Mancini, when it declared that the Mapp case should be applied retrospectively to those cases where the search and seizure occurred prior to Mapp and the conviction and judgment of sentence had not become final at the time Mapp was decided.

As a result of this significant change in the treatment of the retrospective effect of the Mapp case, the earlier decisions of the Superior Court [1] which refused to apply the Mapp rule retrospectively have been sapped of their vitality. This development in Pennsylvania now makes it impossible to say, as I did in Mancini, that it would be useless to require a petitioner to raise collaterally in the state court the question of the retrospective effect of Mapp. The availability of relief in the state court is of paramount significance. For the requirement of exhaustion of state remedies still remains as a congressional mandate under 28 U.S.C. § 2254 and it has not disappeared because of the duty of federal courts to afford relief for violation of constitutional rights in state court proceedings. United States ex rel. Campbell v. Rundle, 327 F.2d 153, 3d Cir., (1964); United States ex rel. Drew v. Myers, 327 F.2d 174, 3d Cir., (1964); United States ex rel. Wilkins v. Banmiller, 325 F.2d 514, 3d Cir., (1963).

### ORDER

And now, March 4, 1964, the petition for habeas corpus is denied because of the petitioner's failure to exhaust his state remedies.

---

1. Commonwealth v. Clark, 198 Pa.Super. 64, 181 A.2d 859 (1962), allocatur refused 198 Pa.Super. xxviii; Commonwealth v. Mancini, 198 Pa.Super. 642, 184 A.2d 279 (1962), allocatur refused 198 Pa.Super. xxix, cert. den. 372 U.S. 911, 83 S.Ct. 725, 9 L.Ed.2d 720 (1963).