**320**

**UNITED STATES of America ex rel. Arthur G. DWYER, Petitioner,**

**v.**

**Alfred T. RUNDLE, Superintendent State Correctional Institution, Philadelphia, Commonwealth of Pennsylvania, Court of Common Pleas, Luzerne County Courthouse, Wilkes-Barre, Pennsylvania, Respondent.**

**Misc. No. 2671.**

United States District Court
E. D. Pennsylvania.

March 16, 1964.

Arthur G. Dwyer, in pro. per.

GRIM, District Judge.

This habeas corpus petition by a state prisoner raises the continuing issue of exhaustion of state remedies, 28 U.S.C.A. § 2254.

In his petition relator alleges in conclusory terms, without any detailing of facts, that his conviction of burglary in 1961 was the result of a coerced confession, a coerced plea of guilty and the ineffective assistance of appointed counsel.

■ Though the petition does not clearly set forth the history of the petition in the state courts, it appears that relator on December 12, 1963 filed with the Court of Common Pleas of Luzerne County, Pennsylvania, a habeas corpus petition presumably raising the same contentions raised in this petition. The Deputy Prothonotary of the Court of Common Pleas of Luzerne County has informed this court that a habeas corpus petition (No. 2053 December Term, 1963) was dismissed by order of Judge Lewis of that court and an appeal taken to the Superior Court of Pennsylvania. An examination of the dockets of the Superior Court reveals that this appeal (No. 35 February Term, 1964) was allowed and the case submitted for consideration by the Superior Court on March 2, 1964. As of this date no opinion or order has been rendered by the Superior Court and a fortiori no allocatur has been granted or denied by the Supreme Court of Pennsylvania.

■ In view of these circumstances, relator's petition to this court must be denied. Exhaustion of state remedies is a vital principle. It is continuing recognition of the respect owing to the judiciary of the state in which federal courts sit and is an attempt to avoid "unseemly collisions" with the state courts "by allowing the state courts first opportunity to review alleged state abuses of federal constitutional rights." United States ex rel. Drew v. Myers, 327 F.2d 174 (3d Cir. Jan. 23, 1964). See United States ex rel. Brown v. Commonwealth of Pennsylvania, 323 F.2d 53 (3d Cir. 1963); United States ex rel. Berkery v. Rundle, 226 F.Supp. 579 (E.D.Pa. Feb. 25, 1964); United States ex rel. Dalton v. Myers, 227 F.Supp. 526 (E.D.Pa. March 4, 1964).

This petition will accordingly be denied without prejudice to the right of relator to reassert his contentions when he can demonstrate that he has properly exhausted his state remedies.