Opinion by
Wright, J.,
James Land has appealed from an order of Court of Common Pleas No. 6 of Philadelphia County dismissing his petition for a writ of habeas corpus. We have carefully reviewed the original trial record and will briefly summarize the factual situation.
On August 31, 1961, in Milt’s Bar located at No. 1112 Bainbridge Street in the City of Philadelphia, one of the patrons, John Fresco, was assaulted and robbed. His assailant, who was later identified as James Land, ran out of the taproom and was not apprehended until November 6, 1961. Upon that date he was charged with aggravated robbery and carrying a concealed deadly weapon. The next day he was taken before a magistrate for a preliminary hearing, at the conclusion of which he was held for action by the grand jury. On December 19, 1961, he was tried before Honorable Eugene V. Alessandroni and a jury on two bills of indictment, Nos. 1033 and 1034 November Sessions 1961. On Bill No. 1033, aggravated robbery, the jury returned a verdict of guilty. On Bill No. 1034, carrying a concealed deadly weapon, the jury returned a verdict of not guilty. No post trial motions were filed. On December 20, 1961, Land was sentenced on Bill No. 1033 to undergo imprisonment for a term of not less than five nor more than ten years. No appeal was taken.
Although appellant was represented by counsel at the time of his arraignment and trial, he now contends that he should be released because he did not have counsel at the preliminary hearing. We do not understand the law to be that absence of counsel at the preliminary hearing constitutes a denial of due process. No cases have been cited in support of such a proposi *511 tion. Certainly it would be an unwarranted extension of the rule promulgated in Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792. Appellant’s constitutional rights were fully protected at the preliminary hearing, and no prejudice has been alleged or shown. Cf. Commonwealth ex rel. Light v. Maroney, 413 Pa. 254, 196 A. 2d 659.
Appellant also contends that he was denied due process because the magistrate did not set bail. Suffice it to say that the magistrate had no power to admit appellant to bail on a charge of aggravated robbery. Act of March 31, 1860, P. L. 427, Section 7, 19 P.S. 51. We should perhaps add that appellant at no time sought to have bail fixed by proper authority.
Finally, appellant complains of inconsistencies and discrepancies in Fresco’s testimony. While this complaint is refuted by the trial record, it is settled law that relief from alleged trial errors may not be obtained by habeas corpus, and that the writ may not be substituted for an appeal: Commonwealth ex rel. McMorris v. Maroney, 202 Pa. Superior Ct. 219, 195 A. 2d 815.
Order affirmed.