Commonwealth ex rel. Ensor, Appellant, *v.* Cummings et al.

Argued December 9, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Martin Vinikoor*, with him *Stanford Shmukler*, and *Vinikoor, Fein, Criden and Johanson*, for appellant.

*John T. Miller*, First Assistant District Attorney, with him *Daniel W. Shoemaker*, District Attorney, for appellee.

OPINION PER CURIAM, June 11, 1964:

The issues raised by the petitioner were considered and decided by this Court when, on direct appeal, it affirmed her conviction. *Commonwealth v. Campbell*, 196 Pa. Superior Ct. 380, 175 A. 2d 324 (1961). Both the Supreme Court of Pennsylvania and the Supreme Court of the United States refused to review our decision in that case. Allocatur refused, 196 Pa. Superior Ct. xxx (1961), certiorari denied, 371 U.S. 901 (1962).

In *United States ex rel. Campbell v. Rundle*, 327 F. 2d 153 (1964), the United States Court of Appeals for the Third Circuit, while affirming the District Court's denial of Campbell's subsequent petition for a writ of habeas corpus because he had not exhausted the remedies available to him in the courts of Pennsylvania, took occasion to say that the search warrant was invalid. It did not, however, comment upon the Pennsylvania rule that if the issue of the invalidity of the search and seizure is not raised by pretrial motion or at the trial, it is waived. *Commonwealth v. Puntari*, 198 Pa. Superior Ct. 70, 181 A. 2d 719 (1962), allocatur refused, 198 Pa. Superior Ct. xxviii (1962), certiorari denied, 372 U.S. 708 (1963). We find in the notes of testimony no objections to, or motions to strike, the evidence now complained of, and no motion to suppress it was made prior to the trial.

Affirmed.