342 F.2d 202
 UNITED STATES of America ex rel. Joseph DALTON, a/k/a Daniel
Dalton, Appellant,
v.
David N. MYERS, Superintendent, State Correctional
Institution, Graterford, Pennsylvania.
 No. 15037.
 United States Court of Appeals Third Circuit.
 Submitted Jan. 7, 1965.
Decided March 8, 1965.
 
 Joseph Dalton, pro se.
 Ward F. Clark, William J. Carlin, Dist. Atty., Doylestown, for appellee.
 Before BIGGS, Chief Judge, and KALODNER and SMITH, Circuit Judges.
 BIGGS, Chief Judge.
 
 
 1
 Dalton is appealing from a denial of a petition filed by him for a writ of habeas corpus. He alleges evidence, unlawfully seized by state officers, was introduced into evidence at his trial in the state court in contravention of rights secured to him by the Fourth and Fourteenth Amendments of the Constitution under the opinion of the Supreme Court of the United States in Mapp v. Ohio, 367 U.S. earnings asserted to be accumulated, beyond
 
 1. Internal Revenue 763.2
 
 2
 In determining whether corporate by government to have been accumulated permitting jury to include 531-533, 537. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
 
 
 3
 Dalton was convicted of burglary, larceny and conspiracy by the Court of Oyer and Terminer of Bucks County. His conviction became final when sentence was imposed on June 15, 1962, almost a year after the Supreme Court's decision in Mapp, supra. Under these circumstances, Mapp applies retrospectively to Dalton. United States ex rel. Clark v. Maroney, 339 F.2d 710 (3 Cir. 1964); United States ex rel. Mancini v. Rundle, 337 F.2d 268 (3 Cir. 1964); United States ex rel. Campbell v. Rundle, 327 F.2d 153 (3 Cir. 1964).
 
 
 4
 Dalton did not raise the issue of the alleged illegal search and seizure at his trial. He did attempt to raise it, however, on direct appeal. The Superior Court of Pennsylvania refused to pass on the question on the procedural ground that this issue had not been raised in the trial court and was not, therefore, cognizable on direct appeal. Commonwealth v. Dalton, 199 Pa.Super. 388, 185 A.2d 653 (1962), allocatur denied May 17, 1963, cert. denied, Dalton v. Myers, 375 U.S. 933, 84 S.Ct. 337, 11 L.Ed.2d 265 (1963). Dalton then attempted to raise the constitutional issue in the United States district court. Commonwealth ex rel. Dalton v. Myers, 227 F.Supp. 526 (E.D.Pa.1964).
 
 
 5
 The court below examined the Pennsylvania law and arrived at the conclusion that while the Pennsylvania courts would not determine the issue on direct appeal, under the Pennsylvania decision of Commonwealth ex rel. Wilson v. Rundle, 412 Pa. 109, 194 A.2d 143 (1963), the remedy of habeas corpus was available to him in the state courts.
 
 
 6
 Dalton then applied to the state courts for habeas corpus. His petition, however, was denied by the Court of Common Pleas of Bucks County on the procedural ground that he could not raise on collateral attack grounds of error that he had not raised at his trial or on appeal. He again petitioned the court below for a writ of habeas corpus and was again denied a hearing because he had failed to exhaust his available state remedies.
 
 
 7
 In Campbell, supra, this court, after analyzing Pennsylvania law, on January 17, 1964, came to the same conclusion on substantially similar facts as did the court below on Dalton's first petition for habeas corpus. We held that the state court should first have a chance to change its position to conform to what we deem to be the law. Subsequently, however, the Court of Common Pleas of York County denied the application for a writ of habeas corpus on the same procedural ground as did the Court of Common Pleas of Bucks County in the case at bar. The Superior Court affirmed that decision, sub. nom., Commonwealth ex rel. Ensor v. Cummings, 204 Pa.Super. 1, 201 A.2d 291 (1964). The Supreme Court reversed the Superior Court and held that the procedural defect does not prevent collateral attack. 416 Pa. 510, 207 A.2d 230 (1965). This decision was not handed down until January 5, 1965, almost a year after we had held that the petitioner was entitled to a hearing on the merits of his cause. Prior to the Pennsylvania Supreme Court's decision in Ensor, and cognizant of procedural delays, this court in the Mancini and Clark cases, supra, elected to take jurisdiction.
 
 
 8
 The question presently before us is whether we should again send Dalton back to the state courts to seek relief. It is now crystal clear that under Ensor, Dalton is entitled to a hearing under the law of Pennsylvania. However, at the time Dalton petitioned the court below in his second application Ensor had not yet been decided. On the contrary, it was settled in the Superior Court that Dalton was barred from raising the constitutional questions which he sought to have the Pennsylvania courts adjudicate. Commonwealth ex rel. Stoner v. Myers, 199 Pa.Super. 341, 185 A.2d 806 (1962), allocatur denied March 13, 1963; Commonwealth ex rel. Ensor v. Cummings, 204 Pa.Super. 1, 201 A.2d 291 (1964). At that time an appeal to the Superior Court would have been pointless. Appeal from the Superior Court to the Supreme Court is discretionary and the Supreme Court had not yet decided Ensor and had already denied allocatur in Stoner. It seems apparent that on these facts Dalton had exhausted his available state court remedies. See Clark and Mancini, supra.
 
 
 9
 We are free nonetheless as a matter of comity to attempt to maintain the delicate balance of judicial power between the Commonwealth of Pennsylvania and the United States and to remit Dalton to the state courts for his remedy. Compare United States ex rel. Drew v. Myers, 327 F.2d 174 (3 Cir. 1964). We. believe that the state tribunals will now pursue the correct course and will do so promptly. We are aware that Dalton has twice asked courts of the Commonwealth of Pennsylvania to review his constitutional question and is now before the United States courts for the second time with the same request, and he has not yet had a hearing. We note also that he has nearly completed his minimum sentence.[1] Moreover, there is a significant difference between the case at bar and those of Clark and of Mancini, supra. In those cases this court was able to dispose of the merits of the cause without further hearing. In the instant case a hearing on the merits of Dalton's claim is necessary. There must necessarily be some further delay, regardless of whether we remand Dalton's case to the court below or in effect send him back to a state tribunal for hearing. Because we have no doubt that the state court will grant Dalton a prompt hearing as it is now required to do under the Ensor decision, supra, we will affirm the decision of the court below.
 
 
 
 [1]
 Dalton received a sentence of not less than two and a half years and not more than five years