**UNITED STATES of America ex rel. Milton BOWERS**

**v.**

**A. T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.**

**Misc. No. 2866.**

United States District Court
E. D. Pennsylvania.

July 7, 1965.

Charles F. G. Smith, Philadelphia, Pa., for relator.

John F. Hassett, Asst. Dist. Atty., for respondent.

VAN DUSEN, District Judge.

This case is before the court on a Second Amended Petition for Writ of Habeas Corpus (Document 14). Relator, Milton Bowers, is presently incarcerated in the State Correctional Institution, Philadelphia, Pa. On June 13, 1962, relator received the following sentences:

(A) On Bill No. 1075 (May Term 1962, Court of Quarter Sessions, Philadelphia, Pa.), 2½ to 5 years for burglary and larceny, effective from May 8, 1962;

(B) On Bill No. 1664 (March Term 1962, Court of Quarter Sessions, Philadelphia, Pa.), 2½ to 5 years for burglary and larceny, to begin at the expiration of the sentence on Bill No. 1075.

 Relator has never expressly challenged the validity of the sentence imposed on Bill No. 1075, on which he was convicted after a plea of guilty.[1] His petitions have been directed solely to the validity of his conviction on Bill

---

1. The Supreme Court of the United States has consistently held that the District Courts may not issue the writ of habeas corpus as long as the relator is confined under the terms of a valid sentence. See, for example, McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), and Fay v. Noia, 372 U.S. 391, 427, 432, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); accord, Palumbo v. State of

No. 1664. Relator entered a plea of not guilty to this second charge and was convicted and sentenced after a full trial before the Hon. Joseph D. Burke, sitting without a jury. No appeal was taken from either sentence.

In 1962, relator filed a petition for a writ of habeas corpus in the Court of Common Pleas, alleging that his conviction on Bill No. 1664 was invalid because it was based on evidence obtained by illegal search and seizure, which petition was denied without a hearing. The Superior Court denied an appeal from the denial of the writ in the lower court on April 18, 1963. Commonwealth ex rel. Bowers v. Rundle, 200 Pa.Super. 496, 189 A.2d 910 (1963). A petition for allowance of appeal was denied per curiam by the Supreme Court of Pennsylvania on June 26, 1963. 200 Pa.Super. xxx (see No. 184 Allocatur Docket No. 4 and No. 60, October Term 1963). A petition for a writ of certiorari to the Supreme Court of the United States was also denied. 375 U.S. 916, 84 S.Ct. 215, 11 L.Ed.2d 154 (1963).

The questions presented by relator's petition for a writ of habeas corpus in this court are outlined as follows:

### I. *Illegal Search and Seizure*

Relator claims that he first made a motion to suppress the evidence obtained by the allegedly illegal search and seizure at a preliminary hearing before a Magistrate on March 13, 1962, which motion the Magistrate denied. Relator was at that stage represented by counsel of his own choosing. However, because of lack of funds, he was represented at his trial by counsel from the Voluntary Defender

Association. Relator claims that despite his insistence that the issue be raised, his trial counsel refused to argue or refile the motion to suppress at his trial, claiming "it was not fitting" (second paragraph on page 5 of Document 1).

On this issue, the Pennsylvania courts took the position that relator was precluded from raising on collateral attack a point which should have been raised at his trial or on direct appeal, citing cases such as Commonwealth ex rel. Wilson v. Rundle, 412 Pa. 109, 194 A.2d 143 (1963); Commonwealth ex rel. Coffman v. Keenan, 198 Pa.Super. 80, 182 A.2d 288 (1962); Commonwealth ex rel. Stoner v. Myers, 199 Pa.Super. 341, 185 A.2d 806 (1962); Commonwealth ex rel. Clark v. Maroney, 199 Pa.Super. 552, 186 A.2d 422 (1962); cf. Com. ex rel. Craig v. Maroney, 6/30/65, 348 F.2d 22 (3d Cir). The state courts do not consider the fact that in a case such as this a motion to suppress has been made at the preliminary hearing significant enough to make an exception to the well-established rule stated in the above-cited cases. See Commonwealth v. Clark, 198 Pa.Super. 64, 181 A.2d 859 (1962); Commonwealth v. Puntari, 198 Pa.Super. 70, 181 A.2d 719 (1962); Commonwealth v. Mancini, 198 Pa.Super. 642, 184 A.2d 279 (1962).

The question of the applicable federal law in the instant case presents a more difficult problem, on which there is little authority. The offenses for which relator was convicted, and his indictment and trial, all occurred after the decision of the Supreme Court of the United States in Mapp v. Ohio, 367 U.S. 643, 81

---

New Jersey, 334 F.2d 524 (3rd Cir. 1964). However, relator's position is that the application of 19 P.S. 897 to preclude consideration of his parole application under the sentence imposed pursuant to Bill 1075 is the denial of his constitutional right to equal protection of the laws where the sentence under Bill No. 1664 is invalid, since a prisoner only subject to the sentence under Bill No. 1075 would receive such parole consideration. For this reason, he is, in effect, challenging the validity of the sentence under Bill

No. 1075 as it is being enforced. See letters of May 6, 1965, May 11, 1965, and May 20, 1965, attached to Second Amended Petition for Writ of Habeas Corpus. In Fay v. Noia, supra, the court made statements such as " * * * a forfeiture of remedies does not legitimatize the unconstitutional conduct by which his conviction was procured." (372 U.S. page 428, 83 S.Ct. page 843). Under these circumstances, the undersigned is considering the contentions of relator that the sentence under Bill No. 1664 is invalid.

S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The *Mapp case* was a direct appeal from a conviction, not a collateral attack. Commenting on the effect of their decision, the majority acknowledges that in some cases the exclusionary rule formulated in their decision might have the result that admitted criminals will go free because of the blunders of law enforcement officers.[2] However, in a footnote to that statement, the court qualifies it as follows:

"As is always the case, however, state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected." (footnote 9, p. 659, 81 S.Ct. p. 1693)

Thus, it appears that in a case such as the one now before the court, the Supreme Court intended that state rules regarding the availability of collateral remedies should govern. The above-quoted language has not been repudiated by the Supreme Court in any of the cases following *Mapp,* supra. Research has not disclosed any case in the Supreme Court dealing squarely with the issue of the application of *Mapp* to post-Mapp proceedings challenged on collateral attack where the applicability of *Mapp* was not raised at trial.[3]

There is no Third Circuit case clearly on point. In cases such as Green v. Yeager, 223 F.Supp. 544 (1963), aff'd 332 F.2d 794 (3rd Cir. 1964), and United States ex rel. Mancini v. Rundle, D.C., 219 F.Supp. 549 (1963), the courts made a point of stating reasons justifying their consideration of the question of illegal search and seizure on habeas corpus, even though it was not raised at trial, which reasons are not applicable to this record. There is, however, post-Mapp authority in other Circuits barring the raising of illegal search and seizure on collateral attack when it has not been raised at trial or on appeal.[4]

On the basis of the authority cited above, this court concludes that under the circumstances of this case, Pennsylvania law governs the right of relator to collaterally attack his conviction on Bill No. 1664, since relator concedes that the presently alleged illegal search and seizure was discussed with his counsel[5] and there was no danger to relator in raising the issue at trial. Therefore, having failed to present the issue at his trial, the alleged illegal search and seizure cannot be a basis for

---

2. 367 U.S. 659, 81 S.Ct. 1684.

3. One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (issue of 4/27/65), and Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), were direct appeals. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1962) concerned the need for the exhaustion of state remedies. In Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (opinion of 6/7/65), a timely objection was made to the introduction of the controverted evidence. Also, that case was finally decided prior to *Mapp* and a petition for a writ of habeas corpus was filed after the decision in *Mapp* was filed on 6/19/61. In the *Linkletter case,* supra, the court said, 381 U.S. p. 639, 85 S.Ct. p. 1743:
 "Here, as we have pointed out, the fairness of the trial is not under attack. All that petitioner attacks is the admissibility of evidence, the reliability and relevancy of which is not questioned and which may well have had no effect on the outcome.
 \* \* \* \* \*
 "All that we decide today is that though the error complained of might be fundamental it is not of the nature requiring us to overturn all final convictions based upon it. After full consideration of all the factors we are not able to say that the Mapp rule requires retrospective application."

4. Pearson v. United States, 305 F.2d 34 (7th Cir. 1962); Warren v. United States, 311 F.2d 673 (8th Cir. 1963); United States ex rel. Cooper v. Reincke, 219 F.Supp. 733, 742 (D.Conn.1963).

5. The undersigned recognizes that such discussion may not automatically bar relief where relator relies on counsel (see Fay v. Noia, supra, 372 U.S. at 439, 83 S.Ct. at 849), but the allegation of incompetency of counsel, as contended by relator, should be submitted to the state courts in view of this record. See Part II of this opinion at page 930, below.

the issuance of a writ of habeas corpus by this court on this record.

## II. *Ineffective Assistance of Counsel*

 On page 10 of his petition (Document 1), relator makes the argument that the failure of the Voluntary Defender to make a motion to suppress the alleged illegally seized evidence at trial constituted "inadequate representation of counsel within the meaning of Gideon v. Wainright," 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The law is clear that relator was entitled to the effective assistance of counsel at his trial. However, because relator has not presented this specific allegation directly to the state courts, he has not exhausted his state remedies on this ground.[6] For this reason, this court is without jurisdiction to rule on this aspect of relator's petition. United States ex rel. Drew v. Myers, 327 F.2d 174 (3rd Cir. 1964); United States ex rel. Altizer v. Hendrick, 347 F.2d 349, 6/23/65 (3rd Cir.).[7]

If relator wishes to press his claim that he was deprived of the effective assistance of counsel so that his constitutional rights were denied him in his state court trial, he should present this issue to the state courts and press it by appropriate appeals. On the other hand, if relator wishes to abandon this contention or to rest on his apparent claim that paragraph 3 and the last paragraph before the word "ARGUMENT" of his petition for writ of habeas corpus filed in the state court (C.P. No. 1, September Term 1962, No. 3636) constitute a contention in that court that he was denied the effective assistance of counsel, a certificate of probable cause will be granted, provided that the application makes clear that he is knowingly waiving his right to present to the state court, and thereafter to this court, his conten-

tion concerning the lack of the effective assistance of counsel. No good reason has been presented for permitting relator to take the time of the appellate court with consideration of repeated appeals in the same case.

If another petition for a writ of habeas corpus is filed in this court, it should be filed under a new Miscellaneous Number and on the form now prescribed by Local Rule 37, as amended.

### ORDER

And now, July 7, 1965, it is ordered that the second amended petition for writ of habeas corpus (Document 14) is denied, without prejudice to relator's right to file another petition for a writ of habeas corpus if he exhausts his state remedies as to the contentions in Part II of the foregoing opinion, as stated in such Part II.

6. Relator also raised this point (inadequate representation of counsel) in an application to file an amended petition for a writ of habeas corpus. Relator's request was denied by the undersigned in an order and comment of 2/16/65 (Document 9) for the reason that relator had not exhausted his state remedies as to this ground.

7. No comment has been received on the *Linkletter case*, supra, as permitted by paragraph 3 of the Report of the Pre-Trial Conference of 6/4/65 (Document 13).