**COMMONWEALTH OF PENNSYLVANIA ex rel. George W. CRAIG, Appellant,**

**v.**

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 14960.**

United States Court of Appeals
Third Circuit.

Nov. 2, 1965.

Smith, Biggs and Freedman, Circuit Judges, dissented.

George W. Craig, pro se.

John H. Brydon, Dist. Atty. of Butler County, Robert F. Hawk, Asst. Dist. Atty., Butler, Pa., for appellee.

Before KALODNER, Chief Judge, and BIGGS, McLAUGHLIN, STALEY, HASTIE, FORMAN, GANEY, SMITH and FREEDMAN, Circuit Judges.

PER CURIAM.

The gravamen of the petition for rehearing is that the court erred in concluding that there was no denial of the defendant Craig's right to counsel. More particularly, as we view it, the issue presented is whether the right to counsel is denied when a confession is elicited outside the presence of counsel whose assistance has previously been invoked by the accused? As was found in our opinion filed June 30, 1965, 348 F.2d 22: (1) the accused had conferred with his attorney prior to confessing; (2) the accused was aware of his right to have his attorney available for further consultations; (3) the accused was aware of his right to remain silent; (4) the accused's request for his attorney some hours prior to his confessing was not refused, his attorney merely being unable to be reached; (5) there was no abusive physical or psyhcological police pressure used to coerce the accused's confession. These salient factors clearly distinguish this case from Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). In our view the Supreme Court has not repudiated the doctrine of effective waiver in either of those cases. Indeed, footnote 14 of Escobedo speaks of its retention in certain terms. Thus neither Escobedo nor Massiah may be invoked without a consideration of waiver. We found in our opinion filed June 30, 1965 that the accused had intelligently and unequivocally waived a right to counsel that had been previously secured to him. The petitioner has presented nothing that may alter our view of the appropriateness of our finding of waiver. The petition for rehearing thus will be denied.

KALODNER, Chief Judge (concurring):

I join in the denial of the petition for rehearing solely on the ground that the petitioner-appellant failed to exhaust his available remedies in the state court.

In United States ex rel. Campbell v. Rundle, Supt. and Shoemaker, 327 F.2d 153 (1964) this Court said:

"* * * the court below was without jurisdiction to entertain the suit because of the provisions of Section 2254, Title 28, U.S.C., which provide that a federal court shall not grant the writ of habeas corpus unless it appears that the applicant has exhausted the remedies available in the courts of the State, and that an applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of Section 2254 if he has the right under the law of the State to raise, by any available procedure, the question presented." (p. 164)

In that case the District Court had denied the writ of habeas corpus on the merits and while we expressed the view that it had erred in doing so, we nevertheless affirmed the denial of the writ because of the failure to exhaust state remedies.

In the following cases we adhered to our holding in that case: United States ex rel. Altizer v. Hendrick, Supt., 347 F.2d 349 (1965); United States ex rel. Dalton v. Myers, Supt., 342 F.2d 202 (1965).

The cases cited are in accord with what was said in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). There the Court declared that its prior decisions had "fashioned a doctrine of abstention, whereby full play would be allowed the States in the administration of their criminal justice without prejudice to federal rights enwoven in the state proceedings." (p. 419, 83 S.Ct. p. 838)

SMITH, Circuit Judge, with whom BIGGS and FREEDMAN, Circuit Judges, join (dissenting).

We are of the opinion that the petition for rehearing should be granted, the rehearing to be limited to the question raised by the appellant's claim that he was denied the effective assistance of counsel. As we view the facts in this case the principle established by Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) is applicable. Therein Mr. Justice Stewart, writing for the majority of the Court, stated at page 206, 84 S.Ct. at page 1203:

> "We hold that the petitioner was denied the basic protections of that guarantee when there was used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel."

We believe that the appellant in the instant case, like the petitioner in the Massiah case, was denied the effective assistance of counsel at a critical stage in his prosecution.